**PENNSYLVANIA PROPERTY & CASUALTY INSURANCE GUARANTY ASSOCIATION, Appellant,**

v.

**STATE FARM INSURANCE COMPANY and Margaret Lindsey, Appellees.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 2004.
Filed June 22, 2004.

---

Cynthia L. Loffel, Philadelphia, for appellant.

Charles P. Menszak, Philadelphia, for appellee.

Before: DEL SOLE, P.J., FORD ELLIOTT and MONTEMURO,* JJ.

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from an order in a declaratory judgment action sustaining Appellees' preliminary objections and dismissing Appellant's complaint for failure to join an indispensable party.

¶ 2 In July of 1998, Dyan Cusate, operating a vehicle owned by her employer Appellee Margaret Lindsey d/b/a Buxmont Cleaning Service, Inc., was involved in an accident with Robert Frisbie,[1] who sought recovery for damages from Lindsey's insurer, Appellee State Farm Insurance Company. When State Farm denied coverage asserting that Cusate was operating the vehicle outside the scope of her employment, Frisbie presented an uninsured motorist's claim to Appellant Pennsylvania Property & Casualty Insurance Guaranty Association, because his own insurer, Reliance Direct,[2] had been declared insolvent. After a hearing, Robert Frisbie was awarded $19,500, and his wife $3,500.

¶ 3 Appellant brought the instant action seeking indemnification for Appellee State Farm's allegedly improper denial of coverage. Appellees filed preliminary objections, alleging Appellant had failed to join an indispensable party: Ms. Cusate, the permissive user of the vehicle.[3] The trial court sustained their objections, dismissing the complaint, and this appeal followed.

¶ 4 The parties dispute whether Ms. Cusate is an indispensable party. We need not reach that issue. Appellant filed a Motion for Reconsideration on September 9, 2003. This motion was expressly granted by the trial court on October 1, 2003. Although Appellant's notice of appeal to this Court had been filed on September 12, 2003, in this case the notice of appeal did not render the trial court's subsequent action a nullity. See Pa.R.A.P. 1701(b)(3). It appears the trial court believed its order granting reconsideration was untimely filed. Trial Court Opinion, 10/20/03, at 2. The trial court refers to the September 4, 2003, order as the "August 28, 2003, order." Id. at 1. However, although that

---

* Retired Justice assigned to the Superior Court.

1. The correct spelling of the plaintiff's name is not clear; both "Frisbie" and "Frisbee" appear in the record.

2. Reliance Direct, a subsidiary of Reliance Insurance Company, had been declared insolvent along with all the subsidiaries of the parent company.

3. 42 Pa.C.S.A. § 7540(a) of the Pennsylvania Declaratory Judgment Act provides in pertinent part that:

   (a) **General Rule.**—When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

order was dated August 28, 2003, it was not docketed until September 4, 2003, thus the October 1, 2003, grant of reconsideration was filed within 30 days of the order on appeal. Pursuant to Rule 1701(b)(3), the timely grant of reconsideration renders the notice of appeal inoperative. The trial court therefore has proper jurisdiction over this case, and thus should proceed to a disposition of the motion for reconsideration.

¶ 5 Accordingly, we quash this appeal. We note that had we addressed this appeal on its merits, we would have found another procedural solution: a remand to the trial court so that it could comply with the procedure outlined in Pa.R.C.P. 1032(b).[4]

¶ 6 Appeal quashed. Jurisdiction relinquished.

---

4. Rule 1032(b) provides, in pertinent part: Whenever it appears by suggestion of the parties or otherwise ... that there has been a failure to join an indispensable party, the court shall order ... that the indispensable party be joined, but if that is not possible, then it shall dismiss the action.