**Michele Suder GETTY, Appellee**

v.

**John William GETTY, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 2, 2006.

Filed Feb. 8, 2007.

Kenneth G. Harrison, Pendell, for appellant.

Reginald A. Krasney, Exton, for appellee.

BEFORE: BOWES, McCAFFERY and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 Appellant John Getty ("Husband") seeks to appeal a trial court order regarding the equitable distribution of marital property owned by Husband and Appellee Michelle Getty ("Wife").[1] We quash this appeal.

¶ 2 The following summary of the factual and procedural histories underlying this matter is sufficient for our disposition. Following an equitable distribution hearing, the trial court entered an order distributing the couple's marital property, which, *inter alia,* awarded Wife 65% of Husband's City of Philadelphia Employees Deferred Compensation Plan and the same percentage of his pension plan. Trial Court Order, 12/21/04.[2]

¶ 3 On December 29, 2004, Husband filed a motion for reconsideration in which he argued, *inter alia,* that, to the extent Wife is entitled to 65% of his deferred

---

* Retired Senior Judge assigned to the Superior Court.

**1.** A final divorce decree was entered on December 27, 2004.

**2.** We note that Pennsylvania Rule of Appellate Procedure 108 governs the date of entry of an order. As to civil matters, the following rule dictates when an order was entered:

> The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b).

Pa.R.A.P. 108(b).

compensation and pension plans, she is only entitled to 65% of the marital portions of those plans. On January 19, 2005, Husband filed a Notice of Appeal in which he gave notice that he was appealing the trial court's December 21, 2004, order. Then, on January 20, 2005, the trial court entered an order granting in part and denying in part Husband's request for relief in his motion for reconsideration.[3] In this order, the court stated that Wife only is entitled to 65% of the marital portion of Husband's pension from the City of Philadelphia. The court also ordered that "Husband is to receive credit for any support due to him and/or any overpayment of child support made by him." *See* Trial Court Order, 1/20/05, at ¶ 2. Lastly, the court asserted that "[a]ll claims of record not specifically addressed herein are DISMISSED." *See id.* at ¶ 3 (emphasis in original).

¶ 4 Thereafter, pursuant to Pa.R.A.P. 1925(b), the court directed Husband to file a statement of matters complained of on appeal, and Husband timely complied. The trial court followed by filing an extensive opinion in support of its decisions, and this appeal followed.

¶ 5 Before we can consider the merits of the issues raised by Husband, we must determine whether this appeal is properly before the Court.[4] Pennsylvania Rule of Civil Procedure 1930.2(b) allows a party aggrieved by a decision regarding a domestic relations matter to file in the trial court a motion for reconsideration. As noted above, Husband filed such a motion in the trial court before he filed his Notice of Appeal.

¶ 6 After an appeal is taken, Pennsylvania Rule of Appellate Procedure 1701(b)(3) allows a trial court to grant reconsideration of its order where:

(i) an application for reconsideration of the order is filed in the trial court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the trial court or other government unit within the time prescribed by these rules for the filing of a notice of appeal or petition for review of a quasijudicial order with respect to such order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

Pa.R.A.P. 1701(b)(3)(i) and (ii). Here, Husband timely filed a motion for reconsideration, and the trial court issued an order expressly granting reconsideration within thirty days of its original order, which, therefore, means that the court filed its order granting reconsideration within the time for appeal prescribed by Pa.R.A.P. 903(a). As such, the court acted within its authority when it granted reconsideration of its order. Thus, we turn to the remainder of Pa.R.A.P. 1701(b)(3), which provides as follows:

A timely order granting reconsideration under this paragraph **shall render inoperative** any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order.

---

**3.** The trial court's order states that the court granted in part and denied in part Appellant's motion for reconsideration. However, in the same order, the court modified its original order. Therefore, technically speaking, in its January 20, 2005, order, the trial court granted reconsideration in full, and at the same time, the court granted Husband's request, in part, to modify the court's original order.

**4.** This Court may raise matters regarding its jurisdiction *sua sponte. See Tohan v. Owens– Corning Fiberglas Corp.*, 696 A.2d 1195, 1198 (Pa.Super.1997).

The petitioning party shall and any party may file a praecipe with the prothonotary of any court in which such an inoperative notice or petition is filed or docketed and the prothonotary shall note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court or other government unit. No additional fees shall be required for the filing of the new notice of appeal or petition for review.

Pa.R.A.P. 1701(b)(3) (emphasis added); *see also* Pa.R.C.P. 1930.2(d) ("The time for filing a notice of appeal will begin to run anew from the date of entry of the reconsidered decision, or, if the court does not enter a reconsidered decision within 120 days, from the 121st day.")

¶ 7 We find the language the Supreme Court employed in fashioning Pa.R.A.P. 1701(b)(3) to be clear and unambiguous.[5] In this matter, the trial court's action in granting reconsideration rendered Husband's previously filed Notice of Appeal inoperative. Because the trial court granted reconsideration, the time for either party to file an appeal began to run anew on January 20, 2005, where the court's order entered on that date, in addition to granting reconsideration, also constituted the entry of the court's decision on reconsideration. Because the trial court's order granting reconsideration rendered Husband's Notice of Appeal inoperative and because Husband never filed a Notice of Appeal from the order granting reconsideration, this Court lacks jurisdiction over this matter.[6] *See* Pa.R.A.P. 902 ("An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal).").

¶ 8 For these reasons, we quash this appeal.[7]

¶ 9 Appeal quashed. Motion to Dismiss dismissed as moot.

---

5. The Rules of Appellate Procedure are to be interpreted in a manner consistent with the Statutory Construction Act, 1 Pa.C.S.A. § 1901 *et seq*. *See* Pa.R.A.P. 107. Subsection 1921(b) of the Statutory Construction Act provides as follows:

When the words of a [rule] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

*See* 1 Pa.C.S.A. § 1921(b). It is only when the words of a rule are not explicit that we may ascertain the intent of the Supreme Court by considering factors outside the words of the rule. *See* 1 Pa.C.S.A. § 1921(c).

6. It is worth noting that, in his brief to this Court, Husband purports to appeal from both the December 21, 2004, and the January 20, 2005, orders of the trial court. *See, e.g.,* Husband's Brief at 2. As detailed above, Husband never properly appealed from the January 20, 2005, order.

7. Wife filed in this Court a motion to dismiss in which she essentially argues that Husband failed to file his appellate brief in a timely fashion. Given our disposition of this matter, Wife's motion to dismiss is moot.