J-A22026-19

2019 PA Super 309

| | | |
|---|---|---|
| JOHN WILLIAM GETTY, | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MICHELE SUDER GETTY, | : | |
| | : | |
| Appellee | : | No. 208 EDA 2019 |

Appeal from the Order Entered December 17, 2018
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 099078473

BEFORE: MURRAY, J., STRASSBURGER, J.* and PELLEGRINI, J.*

OPINION BY STRASSBURGER, J.: **FILED OCTOBER 15, 2019**

John William Getty (Husband) appeals from the order entered December 17, 2018, which denied his petition for declaratory judgment. We affirm.

This case involves the application of an important[1] change in Pennsylvania law with respect to how pension plans are valued in divorce cases. Specifically, on January 28, 2005, the Pennsylvania legislature enacted legislation that overruled our Supreme Court's holding in ***Berrington v.***

---

[1] Among the amicus participants in ***Berrington***, ***infra***, were the following entities: the Pennsylvania Chapter of American Academy of Matrimonial Lawyers, the Women's Bar Association of Western Pennsylvania, the Allegheny County Bar Association – Family Law Section, the Women's Law Project, NOW Legal Defense and Education Fund, Pennsylvania National Organization for Women, Senior Citizen Judicare Project, Community Women's Education Project, Supportive Older Women's Network, National Center on Women and Family Law, Inc., National Women's Law Center, Northwest Women's Law Center, Women's Law Center, Connecticut Women's Education and Legal Fund, and Older Women's League.

* Retired Senior Judge assigned to the Superior Court.

*Berrington*, 633 A.2d 589 (Pa. 1993). In *Berrington*, a divided Pennsylvania Supreme Court held that

> in a deferred distribution of a defined benefit pension, the spouse not participating may not be awarded any portion of the participant-spouse's retirement benefits which are based on post-separation salary increases, incentive awards or years of service. **Any retirement benefits awarded to the non-participant spouse must be based only on the participant-spouse's salary at the date of separation**.

633 A.2d at 594 (emphasis added).[2]

On January 28, 2005, the Pennsylvania legislature passed subsection (c) of section 3501 of the divorce code in an effort to reverse *Berrington* and "adopt a coverture fraction methodology [designed] to include all postseparation enhancements except for postseparation monetary contributions by the employee spouse in the value of the pension." 23 Pa.C.S. § 3501 (comment to subsec. (c)). In other words, the pension was to be valued using the employee-spouse's salary as of the date of retirement, not as of the date of separation as in *Berrington*. The marital portion of the pension would be calculated by the use of a coverture fraction. *See Smith v. Smith*, 938 A.2d 246 (Pa. 2007). Moreover, on June 15, 2005, the legislature again amended subsection 3501(c) to provide that it was applicable to all proceedings **pending** on or after January 28, 2005.

---

[2] The author of this opinion was the trial judge in *Berrington*. My ruling on the pension valuation issue was reversed by this Court and this Court's holding was affirmed by our Supreme Court.

We now turn to the relevant factual and procedural history of the instant matter. Husband and Michele Suder Getty (Wife) married on July 12, 1980, separated on May 31, 1999, and Wife filed a complaint in divorce against Husband on July 19, 1999. On December 23, 2004, an order was entered by the trial court, which provided, in relevant part, that Wife was "awarded 65% of Husband's City of Philadelphia Municipal Employees Deferred Compensation Plan (the Plan)."[3] Order, 12/23/2004 at ¶ 1 (the Order). The trial court also ordered Wife to submit the Order to the Plan administrator for processing.

On December 29, 2004, Husband filed a motion for reconsideration of the Order, arguing that Wife should not have been awarded 65% of the Plan, and if she were to be awarded 65%, the trial court should amend its order to clarify that "the 65% award should be of the marital portion of the Plan, not the entire plan." Motion for Reconsideration, 12/29/2004, at ¶ 3(b). In addition, on January 19, 2005, Husband filed a notice of appeal from the Order.

On January 21, 2005, the trial court granted the motion for reconsideration in part. Specifically, the trial court amended the Order to provide that Wife should be awarded 65% of the marital portion of the Plan. Order, 1/21/2005, at ¶ 1 (Amended Order).

_____

[3] A divorce decree was entered on December 27, 2004.

On April 5, 2007, a panel of this Court quashed Husband's appeal. Specifically, this Court concluded that

the trial court's action in granting reconsideration rendered Husband's previously filed notice of appeal inoperative. Because the trial court granted reconsideration, the time for either party to file an appeal began to run anew on January 2[1], 2005, where the court's order entered on that date, in addition to granting reconsideration, also constituted the entry of the court's decision on reconsideration. Because the trial court's order granting reconsideration rendered Husband's notice of appeal inoperative and because Husband never filed a notice of appeal from the order granting reconsideration, this Court lacks jurisdiction over this matter.

*Getty v. Getty*, 917 A.2d 869, 871 (Pa. Super. 2007) (some capitalization altered).

No further action was taken in this matter until Wife filed a petition with the trial court on January 22, 2009. In that petition, Wife requested that the trial court order Husband to sign the QDROs she prepared, as required by the Order and the Amended Order.[4] Petition to Enforce Order of Court, 1/22/2009. On May 1, 2009, the trial court entered a QDRO as an order of court (2009 QDRO). The 2009 QDRO, which was signed by Husband and Wife, provided that Wife's portion of the retirement benefit would be calculated

---

[4] "A QDRO is an order which creates or recognizes the rights of an alternate payee to receive all or a portion of the benefits payable to a participant under [a pension] plan." *Conway v. Conway*, 209 A.3d 367, 372 (Pa. Super. 2019) (internal citations and quotation marks omitted). "To be qualified, the order must contain certain required information and may not alter the amount or form of plan benefits." *Id*. "In cases where parties have entered a marital settlement agreement, a QDRO merely implements substantive rights already created by the settlement agreement." *Id*.

using Husband's "accrued monthly benefit as of the date of [his] retirement." QDRO, 5/1/2009, at ¶ 7.

On August 27, 2018, Husband filed a petition for declaratory judgment. In this petition, Husband argued that the Amended Order entered on January 21, 2005, was a final order, and therefore his divorce proceeding was not pending on January 28, 2005, when the new version of subsection 3501(c) became effective. Thus, Husband argues that notwithstanding the language of the 2009 QDRO, the Plan should be valued using Husband's salary as of the date of the parties' separation, not the date of his retirement. Wife responded to the petition, arguing that because Husband appealed the Order, the action was pending on January 28, 2005, and therefore subsection 3501(c), not **Berrington**, should apply. Answer, 3/7/2019. In addition, Wife pointed out that Husband agreed to the 2009 QDRO, which provided that the value of the Plan should be calculated using Husband's salary as of the date of his retirement, which is consistent with subsection 3501(c). Memorandum of Law, 10/19/2018, at 3.

The trial court heard argument on December 11, 2018, and on December 17, 2018, the trial court entered an order denying Husband's petition for declaratory judgment, wherein it concluded that Husband did not meet his burden of proof. Husband timely filed a notice of appeal. Both Husband and the trial court complied with Pa.R.A.P. 1925.

On appeal, Husband argues, *inter alia*, that the trial court erred by concluding that subsection 3501(c) applied in this case. Husband's Brief at 4, 12. It is Husband's position that the parties' divorce action was not pending on or after January 28, 2005, because Husband did not appeal from the Amended Order. ***Id***.

"Pendency, in practice, has been said to be 'the state of an undetermined proceeding.' 70 C.J.S., p. 420. Black's Law Dictionary, 3rd Ed., p. 1345, defines the term as 'the state of an action, etc., after it has been begun, and *before the final disposition of it*' (emphasis supplied)." ***Sch. Dist. of Robinson Twp. v. Houghton***, 128 A.2d 58, 60-61 (Pa. 1956). Instantly, there is no question that this case was on appeal to this Court at the time subsection 3501(c) went into effect. Thus, this case meets the aforementioned definition of pending, as no final disposition had yet occurred. Accordingly, we hold that because this case was pending, the trial court did not err by applying subsection 3501(c).

Moreover, even if we agreed with Husband that the lack of appeal from the Amended Order rendered that order as a final order, this case was still pending. The Amended Order did not become final until the time for appeal expired, which was 30 days after its entry, or on February 24, 2005. Thus, this case was still pending on January 28, 2005, as Husband could have appealed the Amended Order and subsection 3501(c) applies. Therefore, in

either instance, this case was pending on January 28, 2005, and the trial court did not err denying Husband's petition for declaratory judgment.[5]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/19

---

[5] In his memorandum of law in support of his petition for declaratory judgment, Husband argued that the trial court should invalidate the 2009 QDRO on the basis of mutual mistake. **See** Memorandum of Law, 8/27/2018, at 3-5. However, Husband did not raise that issue in his Pa.R.A.P. 1925(b) statement or in his brief on appeal. Therefore, this issue is waived. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Furthermore, on appeal, Husband argues that the trial court erred by not applying an exception to the coordinate jurisdiction rule to revisit the 2009 QDRO. **See** Husband's Brief at 4-5, 12-13, 14. However, Husband did not raise that issue in his Pa.R.A.P. 1925(b) statement; thus, it is waived. **See** Pa.R.A.P. 1925(b)(4)(vii). **See Zane v. Friends Hosp.**, 836 A.2d 25, 29 (Pa. 2003) ("One of the distinct rules that [is] encompassed within the 'law of the case' doctrine is the coordinate jurisdiction rule."); **Commonwealth v. McCandless**, 880 A.2d 1262, 1268 (Pa. Super. 2005) ("[A] law of the case claim is subject to waiver.").