J-A15019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINE BIROS, AN INDIVIDUAL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMERICAN HARNESS TRACKS, LLC., | : | No. 1219 WDA 2022 |
| A PENNSYLVANIA LIMITED LIABILITY | : | |
| COMPANY, CHARLES J. LONG, JR., | : | |
| AN INDIVIDUAL, EDWARD LONG, AN | : | |
| INDIVIDUAL, JAMES CARNA, AN | : | |
| INDIVIDUAL, CHARLES NANNICOLA, | : | |
| AN INDIVIDUAL, ARMAND | : | |
| NANNICOLA, AN INDIVIDUAL, AND | : | |
| FRANK NANNICOLA, JR., AN | : | |
| INDIVIDUAL | : | |

Appeal from the Order Entered September 19, 2022
In the Court of Common Pleas of Lawrence County Civil Division at
No(s): 70066-2022 MD

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED: September 29, 2023**

Christine Biros appeals from the order denying her relief from an order striking her *lis pendens* on a parcel of land in Lawrence County. Biros argues title to the property is implicated by her litigation in Allegheny County. We remand for the trial court to determine when Biros received notice of the order directing her to file a statement of errors pursuant to Pa.R.A.P. 1925(b).

Biros filed a praecipe for a *lis pendens* in Lawrence County, asserting that title to a parcel of land was subject to her pending litigation in Allegheny

---

[*] Retired Senior Judge assigned to the Superior Court.

County. That suit is against American Harness Tracks, LLC ("AHT") and its individual members (collectively, "Defendants"). Defendants moved to strike the *lis pendens*. After Biros's counsel failed to appear for a hearing on the motion to strike, the trial court entered an order on June 9, 2022, striking the *lis pendens*.

Biros moved for reconsideration, claiming that counsel had been unable to appear for the hearing due to a scheduling conflict. The court entered an order on June 23, 2022, stating, "[U]pon consideration of Plaintiff's Motion for Reconsideration of defendant's Motion to Strike Lis Pendens, said Motion is GRANTED." Order, 6/23/23, at 1.

The court then held a second hearing on the motion to strike. Afterward, it entered an order, on September 19, 2022, stating, "the Plaintiff's Motion for Reconsideration is denied," and again striking the *lis pendens*. Order, 9/19/22, at 1. The court issued an accompanying opinion addressing the merits of the issue. In short, it found that Biros had sued AHT to determine her ownership rights in the company and whether she had been inappropriately disassociated from membership. Trial Court Opinion, 9/19/22, at 3. However, the court found that the owner of the Lawrence County property subject to the *lis pendens* was not AHT, but rather a separate entity — AHT Land, LP — and therefore Biros's suit against AHT did not involve title to the property. ***Id.*** at 5.

Biros appealed from the September 19 order. In a *per curiam* order, this Court quashed the appeal *sua sponte*, as it appeared that Biros had appealed

- 2 -

from an order denying a motion for reconsideration. Biros applied for reconsideration, and this Court reinstated the appeal.

The trial court ordered Biros to file a Rule 1925(b) statement of errors. *See* Pa.R.A.P. 1925(b). According to the docket entry and final page of the Rule 1925(b) order, the court provided notice of the order to counsel, pursuant to Rule 236, on October 19, 2022. *See* Rule 1925(b) Order, 10/19/22, at 3; Trial Court Docket Entry #10; Pa.R.C.P. 236.

Biros failed to file a Rule 1925(b) statement by the deadline stated in the order. The court issued a Rule 1925(a) opinion stating that Biros had waived all issues, and that the court's opinion on the merits had been expressed in its September 19 order.

This Court issued a rule to show cause as to why we should not quash the appeal based on Rule 1925(b) waiver. Biros's counsel responded, in a signed letter, that he had not received notice of the order for a Rule 1925(b) statement until he had received a copy of the trial court's Rule 1925(a) opinion. Counsel asserted he "was, at all times, ready to file a 1925 Statement in the event the trial court requested it." Response to Rule to Show Cause, 1/29/23, at 1. Counsel claimed he filed a Rule 1925(b) statement the day after he received notice of the court's opinion. He attached a copy of the Rule 1925(b) statement and the trial court docket showing that he filed the statement shortly after the trial court issued its Rule 1925(a) opinion.

Counsel further explained that he asked the court why he had not received a copy of the Rule 1925(b) order and was informed that the

- 3 -

prothonotary sends notice of orders via first class mail and does not use certified or registered mail or e-mail to ensure delivery. According to Counsel, "The trial court relied on the Prothonotary to mail the notice and relied on the United States Postal Service to deliver the mail. For reasons unknown, appellant's counsel did not receive the trial court's order." *Id.* at 2.

Counsel also argued that Rule 1925(b) only requires an appellant to file a statement when ordered by the trial court and does not otherwise impose any specific timeframe for filing a statement. Counsel further argued that no prejudice resulted from the untimely filing, as Biros's Rule 1925(b) statement raised issues identical to those in the appellate docketing statement Counsel served upon opposing counsel, before the Rule 1925(b) deadline had passed, and because the trial court had relied on its previous order for its Rule 1925(a) opinion.

This Court discharged the Rule to Show Cause but advised the parties that the issue may be revisited by the panel.

Biros raises one issue:

> Whether the trial court committed an error of law when it concluded that title to real estate was not sufficiently implicated and [Biros] was not entitled to a *lis pendens* where [Biros] filed a civil suit in which she alleged a personal interest in the oil, gas and mineral rights in the subject real estate pursuant to a Unit Purchase Agreement and an Investment Agreement with the parent company which is the sole partner and manager of the subsidiary which held title to the subject real estate.

Biros's Br. at 4.

- 4 -

We must first address a jurisdictional matter. Defendants argue that we should quash the appeal, as we had done previously, because Biros appealed from the September 19 order stating that the court denied reconsideration, and not the underlying June 9 order striking the *lis pendens*. Defendants argue that the court's order of June 23, while scheduling argument on Biros's motion for reconsideration, did not expressly grant reconsideration, and therefore did not toll the appeal period. In the alternative, Defendants argue that if the June 23 order granted Biros's motion for reconsideration and tolled the appeal period, her appeal should nonetheless lie from the June 9 order, rather than the September 19 order stating that it denied reconsideration.

We previously granted Biros's application for reconsideration and reinstated her appeal, after having quashed it as being from an order granting or denying reconsideration. **See** Order, filed 6/9/22 (citing **Valentine v. Wroten**, 580 A.2d 757, 758 (Pa.Super. 1990)). It is therefore law of the case that quashal is improper here.

We again reaffirm that holding. It is true that an appeal does not lie from an order granting or denying a motion for reconsideration. **See Erie Ins. Exch. v. Larrimore**, 987 A.2d 732, 743 (Pa.Super. 2009); **accord Thom v. CDM Auto Sales**, 221 A.3d 681, 683 n.1 (Pa.Super. 2019). However, when a court enters an order expressly granting reconsideration of its prior order within the 30-day time for filing a notice of appeal, this stays the appeal

period.[1] Pa.R.A.P. 1701(b)(3); Pa.R.A.P. 903(a). The court need not vacate the underlying order. **K.T.R. v. L.S.**, 238 A.3d 478, 481 n.8 (Pa.Super. 2020). Nor does the court need to render a final decision on reconsideration within the appeal period, so long as it grants reconsideration within the appeal period. **See** Pa.R.A.P. 1701 at Note. Then, "after the entry of the decision on reconsideration," the appeal period "begins to run anew . . . whether or not that decision amounts to a reaffirmation of the prior determination of the trial court[.]" Pa.R.A.P. 1701(b)(3). A notice of appeal must be filed within the new appeal period following the new decision, and it properly lies from that final order. **See Estate of Haiko v. McGinley**, 799 A.2d 155, 159 (Pa.Super. 2002) (finding appeal timely where appellant appealed from the order entered after reconsideration had been granted).[2]

Here, the court's June 23 order unequivocally granted reconsideration of its June 9 order striking the *lis pendens*. **See** Order, 6/23/23, at 1 (stating

---

[1] The trial court retains jurisdiction even if a notice of appeal has been filed during the appeal period, as a timely order granting reconsideration renders any notice of appeal inoperative. Pa.R.A.P. 1701(b)(3); **Pa. Prop. & Cas. Ins. Guar. Ass'n v. State Farm Ins. Co.**, 853 A.2d 407, 409 (Pa.Super. 2004). Conversely, if the trial court fails to act within 30 days of the entry of the order that it has been asked to reconsider, it loses power to act on both the petition for reconsideration and the original order. **Gardner v. Consol. Rail Corp.**, 100 A.3d 280, 283 (Pa.Super. 2014).

[2] **See also Getty v. Getty**, 917 A.2d 869, 871 (Pa.Super. 2007) (quashing appeal where appellant did not appeal from the order that both granted reconsideration and constituted court's substantive decision on reconsideration); **Penjerdel Refrigeration Corp. v. R.A.C.S.**, Inc., 442 A.2d 296, 298 (Pa.Super. 1982) (quashing appeal where appellant failed to file new notice of appeal from order entered after reconsideration).

the motion for reconsideration "is GRANTED"). The court entered the order within 30 days of June 9. This stayed the appeal period and prolonged the trial court's jurisdiction over the matter.

We also reject Defendants' contention that the appeal was untimely. Although the subsequent order of September 19 stated that "the Plaintiff's Motion for Reconsideration is denied," Order, 9/19/22, at 1, the court had already granted reconsideration and stayed the appeal period. Furthermore, the September 19 order expressed that the court had, in fact, reconsidered the issue on the merits and had decided to reaffirm its prior decision to strike the *lis pendens*. Therefore, rather than denying the request for reconsideration, the September 19 order denied **relief** following reconsideration; this was "the entry of the decision on reconsideration" which "amount[ed] to a reaffirmation of the prior determination of the trial court." Pa.R.A.P. 1701(b)(3). The 30-day appeal period then began anew. *Id.* Biros appealed from the September 19 order within that period. This was proper, and we therefore deny Defendants' invitation to quash.

We next address whether Biros waived all issues by failing to file a timely Rule 1925(b) statement. To the extent this question is a question of law, our review is plenary. *Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002).

According to Rule 1925(b), the trial court may "enter" an order directing the appellant to file a concise statement of the errors complained of on appeal within the deadline imposed by the court or risk waiver of all issues. *See* Pa.R.A.P. 1925(b), (b)(2)(i), (b)(4)(vii); *Commonwealth v. Castillo*, 888

A.2d 775, 780 (Pa. 2005). In civil matters, an order is "enter[ed]" when "the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)." Pa.R.A.P. 108(b). In turn, Rule 236 requires the prothonotary of the trial court to give written notice of the entry of an order and make a corresponding notation on the docket. Pa.R.C.P. 236(a)(2), (b). The note to Rule 236 explains that the Rule "does not prescribe a particular method of giving notice. Methods of notice properly used by the prothonotary include, but are not limited to, service via United States mail and courthouse mail." Pa.R.C.P. 236, Note.

At the same time, "in determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule[.]" ***Berg v. Nationwide Mut. Ins. Co.***, 6 A.3d 1002, 1007-08 (Pa. 2010) (plurality). Consequently, there is no waiver where the appellant never received the Rule 1925(b) order. ***See Commonwealth v. Gonzalez***, 840 A.2d 326, 328 (Pa.Super. 2003) (*en banc*) ("if neither [the a]ppellant nor his counsel were served with the order directing [the a]ppellant to file a 1925 statement, then [the a]ppellant cannot be deemed to have been 'ordered' to file such a statement and the failure to do so cannot then be a basis for finding waiver"); ***Commonwealth v. Douglas***, 835 A.2d 742, 745 (Pa.Super. 2003) ("waiver may be excused if an appellant can demonstrate that he/she never received proper notice of the trial court's Pa.R.A.P. 1925(b) order").

Whether an appellant received notice of a Rule 1925(b) order implicates a factual question, the resolution of which ordinarily would not be apparent on the face of the record. Rule 1925(c) provides for remand for resolution of a factual question regarding waiver. **See Commonwealth v. Parrish**, 224 A.3d 682, 692 (Pa. 2020). Under Subsection (c)(1), "An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1).

We therefore remand this case to the trial court to conduct such proceedings as it deems necessary to determine when Counsel received notice of the court's Rule 1925(b) order and, accordingly, whether Biros's Rule 1925(b) statement was timely. **See Commonwealth v. Chester**, 163 A.3d 470, 472 n.2 (Pa.Super. 2017) (suggesting remand is appropriate remedy to determine whether a 1925(b) order was served on appellant). The court must transmit a supplemental record to this Court within 60 days. The court may author a supplemental Rule 1925(a) opinion at its discretion.

Case remanded with instructions. Jurisdiction retained.