J-S41033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| HARSHAL DEAR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA DAVID DEAR | : | No. 838 EDA 2024 |

Appeal from the Order Entered February 15, 2024
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2024-02208

BEFORE:  MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MARCH 21, 2025**

Harshal Dear ("Wife") appeals *pro se* from the order denying her petition for a final protection from abuse ("PFA") order against Joshua David Dear ("Husband").  We quash.

Wife and Husband are separated and have an ongoing divorce proceeding in Chester County, which includes custody matters involving their son.  In July 2022, Mother moved from Chester County to Montgomery County.  The trial court set forth the relevant procedural history as follows:

> On February 5, 2024, [Wife] filed a [PFA petition] . . .  in the Montgomery County Court of Common Pleas.
>
> In her petition, [Wife] claims the following abuse: (1) [Husband] used "digital technology to stalk and harass [her];" (2) [Husband] uses a "Google Home Device" in the marital home [in Chester County] to "hack" into her Google Account and determine her GPS location and has been doing this since July 9, 2022; (3) [Husband] stalks [Wife] on the internet to determine where she is scheduled to travel to work and he harasses her on the "Our Family Wizard" parenting app; (4) [Husband] monitors where [Wife] is and who

> she meets during non-custodial time and harasses [Wife] about it on "Our Family Wizard"; (5) [Husband] harasses [Wife] to "unblock him on Facebook" or he will not let [Wife] have a scheduled video call with her son; and (6) after repeatedly asking [Husband] to stop stalking her and asking how he knew about [Wife's] whereabouts, [Husband] allegedly stated "[I]t does not matter how I know."
>
> Within the petition, [Wife] also cites four (4) incidents from nearly two (2) years ago: May 15, 2022; June 15, 2022; July 9, 2022 and December 22, 2022. . ..
>
> Following the filing of the PFA, in an *ex parte* proceeding on the same day, the Honorable Wendy Demchik-Alloy granted [Wife] a temporary PFA order . . ..

Trial Ct. Op., 7/1/24, at 1-2 (footnotes, italics, and some capitalization omitted). The trial court held a hearing on February 15, 2024, at which Wife and Husband, who both had counsel at the time, testified. At the conclusion of the hearing, the trial court vacated the temporary PFA order, denied Wife's PFA petition, and directed Wife to pay the costs of the PFA proceeding. **See** Order, 2/15/24 ("the February 15, 2025 Order").

Wife filed an entry of appearance *pro se* listing her counsel as "prior counsel," and she filed a *pro se* motion for reconsideration on February 28, 2024, as well as a notice of appeal on March 14, 2024. The trial court granted reconsideration on March 15, 2024. **See** Order 3/15/24 ("the March 15, 2024 order"). Wife's counsel filed a withdrawal of his appearance on March 19, 2024. Wife then filed a second *pro se* motion for reconsideration alleging Husband's continuing conduct after the hearing.

On March 22, 2024, the trial court entered an order (1) striking a portion of the February 15, 2024 order that required Wife to pay the costs of the PFA proceeding, (2) upholding all remaining portions of the February 15, 2024 order, and (3) denying Wife's second motion for reconsideration. **See** Order, 3/22/24 ("the March 22, 2024 order").[1] Wife did not file a notice of appeal from the March 22, 2024 order.

Before addressing Wife's arguments, we must consider whether this Court has jurisdiction. **See Getty v. Getty**, 917 A.2d 869, 870 & n.4 (Pa. Super. 2007) (noting this Court may raise question of our own jurisdiction *sua sponte*). Pennsylvania Rule of Civil Procedure 1930.2 permits an aggrieved party to file, within thirty days of a decision in a domestic relations matter, a motion for reconsideration in accordance with Pa.R.A.P. 1701(b)(3). **See** Pa.R.Civ.P. 1930.2(b); **see also** Pa.R.Civ.P. 1901.7(b) & note. If the trial court expressly grants reconsideration within thirty days of the original order, then Pa.R.A.P. 1701(b)(3) provides that the order granting reconsideration "shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order." Pa.R.A.P. 1701(b)(3); **Valentine v. Wroten**, 580 A.2d 757, 758 (Pa. Super. 1990).

---

[1] The March 22, 2024 order indicated the trial court sent copies of the order to Wife's former counsel and Husband's counsel through the prothonotary, but did not list Wife's name. **See** Order, 3/22/24, at 2. The docket in this case states that the prothonotary provided notice as required by Pa.R.Civ.P. 236, but did not state to whom notice was provided.

Furthermore, "[w]here a timely order of reconsideration is entered [pursuant to Pa.R.A.P. 1701(b)(3)], the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court." *Id*.[2]

Here, the trial court's February 15, 2024 order initially denied Wife's PFA petition. Wife timely filed a motion for reconsideration and then a notice of appeal from the February 15, 2024 order. However, the trial court's March 15, 2024 order timely and expressly granted reconsideration and thereby rendered Wife's notice of appeal inoperative. *See* Pa.R.A.P. 1701(b)(3). The trial court then timely entered its decision on reconsideration in its March 22, 2024 order, which started the time to appeal anew. *See id*. Wife did not file a new notice of appeal from the March 22, 2024 order.

Based on the foregoing, we are constrained to quash this appeal. This Court cannot consider the notice of appeal from the February 15, 2024 order, because that appeal was rendered inoperative by the March 15, 2024 order. *See* Pa.R.A.P. 1701(b)(3). Wife was required to file a new appeal from the March 22, 2024 order to perfect this Court's jurisdiction. *See Getty*, 917 A.2d

_____

[2] A trial court has 120 days from the date it granted reconsideration to enter a reconsidered decision. *See* Pa.R.Civ.P. 1930.2(c).

- 4 -

at 871. However, Wife never filed a new notice of appeal.[3] Accordingly, there is no operative notice of appeal giving rise to this appeal, and we must quash. **See Getty**, 917 A.2d at 871.

Appeal quashed.[4]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/21/2025

_____

[3] Although the record does not clearly establish that Wife received notice of March 22, 2024 order, **see** *supra* footnote 1, the absence of an operative notice of appeal precludes this Court from exercising jurisdiction.
[4] Husband has requested sanctions and asserts that Wife's issues on appeal are frivolous or waived. However, given our decision that this appeal is not properly before this Court, we will deny the request for sanctions.