J-A15031-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY R. NORRIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOYCE A. NORRIS | : | No. 1333 MDA 2024 |

Appeal from the Order Entered August 13, 2024
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2017-05979

BEFORE:  BOWES, J., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:               **FILED: AUGUST 19, 2025**

Timothy R. Norris ("Husband") appeals from the August 13, 2024, order entered in the Court of Common Pleas of Cumberland County, which resolved all economic claims between Husband and Joyce A. Norris ("Wife") following the entry of a divorce decree.[1]   After a careful review, we affirm.

The relevant facts and procedural history are as follows: Husband and Wife were married in September of 1989, and they separated in December of 2018.  On May 24, 2017, and amended on March 5, 2019, Husband filed a complaint in divorce averring the marriage is irretrievably broken, and he

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 23 Pa.C.S.A. § 3323(c.1) (discussing the entry of a divorce decree prior to the final determination and disposition of economic issues between the parties).

sought equitable distribution. He raised a claim for indignities. On April 2, 2019, Husband filed a motion for the appointment of a divorce hearing officer, and by order entered on April 8, 2019, the trial court appointed one.

On April 8, 2019, Wife filed an answer with a counterclaim to Husband's complaint and amended complaint. In her counterclaim, Wife sought alimony, alimony *pendente lite*, spousal support, attorney's fees, and expenses.

On June 9, 2020, Wife filed a petition for special relief seeking a forensic accounting of Husband's daycare business.[2] On December 1, 2020, Wife filed an emergency petition for special relief requesting the trial court direct Husband to pay the mortgage for the marital home.

By order entered on January 28, 2021, the trial court granted Wife's petition for a forensic accounting of Husband's daycare business. By order entered on February 2, 2021, the trial court directed Husband to pay the mortgage for the marital residence and held Husband would receive a credit for the payments in the ultimate distribution of assets.

The divorce hearing officer held several hearings. On September 28, 2023, the divorce hearing officer filed a comprehensive report and recommendations. Specifically, the divorce hearing officer recommended that

---

[2] Husband owns 98% of the daycare business while the parties' two adult sons each own a 1% interest. During the parties' marriage, they acquired properties at 2*6 and 2*0 Bridge Street, New Cumberland, as joint tenants with the right of survivorship, and the daycare operates out of these two properties.

Husband receive credit for one-half of the fair market rental value of the marital home for the time that he was dispossessed while Wife remained in possession of the property. Additionally, the divorce hearing officer recommended that Husband receive credit for half of the mortgage payments he made while Wife was in exclusive possession of the marital residence. Thus, for the entire time that Husband was not living in the marital residence, the divorce hearing officer determined the total amount of credits owed to Husband is $43,276.00.

Regarding equitable distribution, the divorce hearing officer recommended that Wife receive 55% of the marital assets and Husband receive 45% of the marital assets. After accounting for credits, the divorce hearing officer recommended that Husband owes Wife $320,915.00. The divorce hearing officer noted Husband could make a lump sum payment to Wife or pay her $14,223.15 per month for two years to account for interest.

As to alimony, the divorce hearing officer began with an analysis of all of the factors set forth in 23 Pa.C.S.A. § 3701(b). *See* Divorce Hearing Officer's Report and Recommendations, filed 9/28/23, at 26-28. With regard thereto, the divorce hearing officer made the following findings:

1. Husband earns approximately $110,000 per year and has many of his personal expenses paid by his business. Wife earns approximately $1,530 per month from her business and also works on alternating weekends at East Shore Therapeutic. Wife additionally receives $953.84 per month in spousal support.

2. Husband is 64 years of age and has high blood pressure, as well as a 45% blockage in the lower ventricle of his heart. He has also been diagnosed with Madelung's disease and is receiving

- 3 -

treatment for nodules observed on his left lung. Wife is 64 years of age. With respect to her health, Wife has L4 and L5 degenerative disc disease, gets migraine headaches, and suffers from fecal incontinence due to an injury to her sphincter muscle that she sustained during the marriage. She also has a torn rotator cuff and has reported that she suffers from fatigue and memory loss related to previously having COVID-19.

3. Husband's main source of income is his salary from his position as chief executive officer of [the daycare], which includes the rental income produced by the Bridge Street Properties. He also receives income in the form of having many of his expenses paid by the business. Wife receives income from the massage business she owns, as well as from East Shore Therapeutic, where she works on alternating weekends. Wife also receives spousal support.

4. Neither party has any expectancies nor anticipates any inheritances.

5. This was a long marriage, lasting approximately 29 years.

6. Husband asserts that he helped Wife begin her massage therapy career and paid for her to attend [massage school]. He also claims that he helped her establish her business, provided funds for her Harrisburg International Airport contract, paid for her continuing education, and [paid for her] business furnishings. Wife claims that she supported Husband through almost 30 years of marriage and helped him grow his daycare business.

7. Neither party will be affected by reason of serving as the custodian of minor children.

8. During the marriage, the parties lived an expensive lifestyle that was beyond their means.

9. Husband has a Bachelor's Degree in Clinical Psychology and Contemporary Theology from Liberty University. Husband is also three credits short of obtaining a Master's Degree in Community Psychology from Penn State Harrisburg. Wife graduated from high school and has a certification in massage therapy[.]

10. All marital assets and liabilities have been dealt with in equitable distribution and considered by the divorce hearing officer in this analysis. Husband has a small annuity with approximately $8,000 in it, which he claims is a nonmarital asset.

11. Husband brought his business into the marriage, and the fruits of that business provided for the majority of the marital estate.

12. During the marriage, Husband was the primary earner. With respect to household responsibilities, both Husband and Wife contributed. Husband helped with chores and cutting the lawn, while Wife helped with watching the children, cleaning the house, laundry, and grocery shopping.

13. Husband's income, from all sources, is sufficient to meet his needs. Wife's income and expenses demonstrate a monetary need.

14. Husband alleges that Wife physically, mentally, and verbally abused him. He also alleges that Wife had romantic relationships with at least two other men. Wife alleges that she was physically and sexually abused by Husband and that his alcoholism was a big problem during their marriage. She also accused Husband of having multiple affairs.

15. The tax ramifications of alimony for federal tax purposes are that alimony will be treated as income to Husband and will not be taxable for Wife.

16. Because of her lesser income, the divorce hearing officer believes Wife lacks sufficient property to provide for her reasonable needs and should have a continued contribution from Husband for a period of time.

17. Wife is able to work. However, her earnings, considering her expenses, are currently insufficient to provide for her needs.

*Id.* at 26-28.

After analyzing the factors, the divorce hearing officer concluded "alimony is necessary for Wife's continued maintenance and support." *Id.* at 40. The divorce hearing officer noted that Wife claims expenses of $5,747.00 per month. Accordingly, the divorce hearing officer recommended that Husband pay Wife the sum of $2,000.00 per month for seven years. The divorce hearing officer denied Wife's request for attorney's fees.

On October 16, 2023, Wife filed fourteen exceptions to the divorce hearing officer's report and recommendations, including whether "[t]he

divorce hearing officer erred…in failing to consider, weigh, and apply evidence of the fact that most of Husband's living expenses are paid for by the business, when comparing the parties' incomes, for purposes of alimony, equitable distribution, and entitlement to counsel fees and expenses." Wife's Exceptions, filed 10/16/23, at 3.

On October 24, 2023, Husband filed a single exception to the divorce hearing officer's report and recommendations. Specifically, he averred "[t]he Hearing Officer erred in awarding Wife alimony in the amount of $2,000 per month for seven (7) years." Husband's Exception, filed 10/24/23, at 1.

On November 2, 2023, Husband filed a petition seeking the bifurcation of the divorce and economic issues. On November 27, 2023, Wife filed an answer thereto. On November 30, 2023, the trial court granted Husband's petition for bifurcation and held that a praecipe for a bifurcated divorce decree may be filed. Husband filed a praecipe, and on December 15, 2023, the trial court entered the divorce decree while retaining jurisdiction over the unresolved economic claims.

Thereafter, by order entered on July 3, 2024, the trial court held as follows regarding the parties' exceptions to the divorce hearing officer's report and recommendations:

1. Wife's exception regarding attorney's fees is granted in part. Due to the determination that Husband received funds from a marital business to pay for attorney's fees, the amount of $82,500 (55% x $150,000) shall be awarded to Wife in addition to the sums already awarded by the Divorce Hearing Officer. This sum shall be added to the total amount owed Wife by

Husband for a total of $403,415 ($302,915 + $82,500) and shall be subject to the same 6% interest rate compounding monthly if Husband chooses to pay the sum in monthly installments. The minimum monthly payment of $14,223.15 shall remain the same, and the timeframe for repayment shall continue until all interest and principle has been paid to Wife by Husband.

2. All other exceptions of Wife are dismissed.

3. Husband's exception is dismissed.

Trial Court Order, filed 7/3/24, at 1.

On July 12, 2024, Husband filed a motion for reconsideration of the trial court's July 3, 2024, order. Specifically, Husband contended the trial court erred in granting Wife's exception as it relates to her request for Husband to pay her attorney's fees. He also contended that the trial court erred in dismissing his sole exception regarding alimony.

On July 15, 2024, the trial court held:

[U]pon review of [Husband's] Motion for Reconsideration of Order of July 3, 2024, said Motion is Granted as the Court will reconsider the amount and manner of the attorney's fee award to [Wife]. [Wife] shall have twenty (20) days from the date of this Order to file a response to [Husband's] Motion for Reconsideration as it pertains to the timing and manner of payment of the awarded attorney's fees.

Trial Court Order, filed 7/15/24, at 1.

On August 2, 2024, Wife filed a response to Husband's motion for reconsideration. By order entered on August 13, 2024, the trial court held that, upon consideration of Husband's motion for reconsideration, the exceptions raised by Husband and Wife are dismissed. **See** Trial Court Order,

filed 8/13/24, at 1. The trial court indicated the report and recommendations filed by the divorce hearing officer on September 28, 2023, are adopted by the court as an enforceable order. *See id.* The trial court noted that, upon further review, it erred in initially granting Wife's exception regarding attorney's fees. On August 22, 2024, Husband filed a motion for reconsideration of the trial court's August 13, 2024, order.

On September 12, 2024, Husband filed a notice of appeal from the August 13, 2024, order. All Pa.R.A.P. 1925 requirements have been met.

On appeal, Husband presents the following issues in his "Statement of the Questions Involved" (verbatim):

A. Whether the trial court abused its discretion by failing to outline Husband's continued credit for the fair rental value of the marital residence and his ongoing mortgage payments thereto since the Divorce Hearing Officer's Report and Recommendations dated September 28, 2023?

B. Whether the trial court erred and abused its discretion in awarding Wife a $2,000.00 per month alimony award for seven years when Husband was paying Wife since separation in December 2018, and Wife was awarded majority of the marital estate?

C. Whether the trial court abused its discretion by failing to consider Husband's continued credit to the fair rental value and mortgage payments toward the marital residence when determining the equitable distribution payments owed to Wife?

D. Whether the trial court abused its discretion by determining that Husband was required to make equitable distribution payments in the amount of $14,223.15 per month over a period of two years with 6% interest when Husband submitted evidence at the time of the hearing that he does not have the income to support such payments?

Husband's Brief at 19-20 (suggested answers omitted).

- 8 -

Initially, we address whether we have jurisdiction over this appeal. ***See Getty v. Getty***, 917 A.2d 869, 870 n.4 (Pa.Super. 2007) (noting this Court may raise question of our own jurisdiction *sua sponte*). Pennsylvania Rule of Civil Procedure 1930.2 permits an aggrieved party to file, within thirty days of a decision in a domestic relations matter, a motion for reconsideration in accordance with Pa.R.A.P. 1701(b)(3). ***See*** Pa.R.C.P. 1930.2(b). If the trial court expressly grants reconsideration within thirty days of the original order, then Pa.R.A.P. 1701(b)(3) provides that the appeal period is tolled.

Rule 1930.2(c) provides that the trial court must enter its reconsidered decision within 120 days of the date on which the trial court grants reconsideration. Furthermore, "[w]here a timely order of reconsideration is entered [pursuant to Pa.R.A.P. 1701(b)(3)], the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the trial court." ***Valentine v. Wroten***, 580 A.2d 757, 758 (Pa.Super. 1990).

In the case *sub judice*, after the trial court entered its July 3, 2024, order, Husband filed a motion for reconsideration on July 12, 2024, which the trial court expressly granted on July 15, 2024, within the applicable thirty-day appeal period. ***See*** Pa.R.C.P. 1930.2(b); Pa.R.A.P. 1701(b)(3). Thereafter, on August 13, 2024, which was within 120 days of the date the trial court granted reconsideration, the trial court reversed its July 3, 2024, order as it

relates to Wife's exception for attorney's fees but affirmed in all other respects. Ultimately, in its August 13, 2024, order, the trial court adopted the divorce hearing officer's report and recommendations and held it was an enforceable order. Husband then filed his notice of appeal on September 12, 2024, which was within thirty days of the trial court's August 13, 2024, order.[3] Accordingly, we conclude Husband's appeal is timely and from a final order. *See Valentine*, *supra*; Pa.R.A.P. 341(b) (a final order disposes of all claims and all parties).

Next, before considering the merits of Husband's claims, we address the issue of preservation. To preserve a challenge to the divorce hearing officer's report and recommendations in a divorce proceeding, a party must file a timely exception to the report and recommendations pursuant to Pennsylvania Rule of Civil Procedure 1920.55-2, which provides, in relevant part, as follows:

> **(b)** Within 20 days of the date of receipt or the date of mailing of the hearing officer's report and recommendation[s], whichever occurs first, any party may file exceptions to the report or any part thereof, to rulings on objections to evidence, to statements or findings of fact, to conclusions of law, or to any other matters occurring during the hearing. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to entry of the final decree, leave is granted to file exceptions raising those matters.

_____

[3] We note that, on August 22, 2024, Husband filed a motion for reconsideration of the trial court's August 13, 2024, order; however, the trial court did not rule on this motion for reconsideration. Thus, the time for filing a notice of appeal ran as if the second motion for reconsideration was never presented to the trial court. *See* Pa.R.C.P. 1930.2(b).

> **(c)** If exceptions are filed, any other party may file exceptions within 20 days of the date of service of the original exceptions. The court shall hear argument on the exceptions and enter a final decree.

Pa.R.C.P. 1920.55-2(b), (c) (bold in original).

Rule 1920.55-2 makes clear that any challenge to the divorce hearing officer's report and recommendations, which is not included in the exception, is waived. **See Sebastianelli v. Sebastianelli**, 876 A.2d 431, 432 (Pa.Super. 2005).

In the case *sub judice*, the divorce hearing officer's report and recommendations were filed on September 28, 2023, and Wife filed her exceptions within twenty days, on October 16, 2023. **See** Pa.R.C.P. 1920.55-2(b). Thereafter, Husband filed his exceptions on October 24, 2023, which is within twenty days of Wife's exceptions. **See** Pa.R.C.P. 1920.55-2(c). Accordingly, Husband's exceptions were timely.

However, although Husband presents four issues on appeal, he preserved solely one issue in his exceptions; namely, whether the divorce hearing officer erred in awarding Wife alimony in the amount of $2,000.00 per month for seven (7) years. Accordingly, we shall review the merits of this

issue, which is listed as "Issue B" in Husband's "Statement of the Questions

Involved."[4]

We begin by noting the following relevant legal precepts:

Following divorce, alimony provides a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution. An award of alimony should be made to either party

_____

[4] We acknowledge that, when the trial court modifies the terms of the divorce hearing officer's report in response to the opposing party's exceptions, Pa.R.C.P. 1920.55-2(e) provides "[n]o Motion for Post-Trial Relief may be filed to the final decree." Thus, the party against whom the trial court ruled may file a direct appeal to challenge the final decree. **Benson v. Benson**, 515 A.2d 917 (Pa.Super. 1986). In the case *sub judice*, the trial court initially granted one of Wife's exceptions; however, after granting Husband's timely motion for reconsideration, the trial court concluded it had erred in this regard. Thus, in its final order, the trial court adopted, as opposed to modified, the divorce hearing officer's report and recommendations.

Relevantly, in Husband's July 12, 2024, motion for reconsideration, Husband averred that, if the trial court continued to uphold its initial decision granting Wife's exception regarding attorney's fees, then Husband was entitled to additional offsets for the fair market rental value and mortgage payments related to the marital residence. However, as the trial court indicated in its Pa.R.A.P. 1925(a) opinion, since it granted Husband's motion for reconsideration and determined it had erred in granting Wife's exception regarding attorney's fees, Husband's "in the alternative" argument was rendered moot. **See** Trial Court Opinion, filed 12/4/24, at 2.

To the extent Husband contends on appeal that the trial court should have still given him additional credits, we agree with the trial court that it was unnecessary for the trial court to address the "in the alternative" argument regarding additional offsets since Husband received the relief requested regarding the denial of Wife's exception related to attorney's fees. Additionally, Husband did not include issues related to an ongoing credit for the fair market rental value of the marital residence or his mortgage payments in his exception from the divorce hearing officer's report and recommendations. **See Sebastianelli**, **supra** (discussing waiver). Thus, we decline to address further Husband's "Issue A and C." Also, to the extent Husband challenges the amount of the equitable distribution payments in "Issue D," we decline to address the issue since Husband did not raise a challenge thereto in his exception. **See id.**

only if the trial court finds that it is necessary to provide the receiving spouse with sufficient income to obtain the necessities of life. The purpose of alimony is not to reward one party and punish the other, but rather to ensure that the reasonable needs of the person who is unable to support herself through appropriate employment are met.

Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay.

*Cook v. Cook*, 186 A.3d 1015, 1019–20 (Pa.Super. 2018) (citations, quotation marks, and quotations omitted).

"An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award." *Crocker-Fasulo v. Fasulo*, 292 A.3d 591, 596 (Pa.Super. 2023) (citation omitted). To determine whether alimony is necessary, and the appropriate amount, the court must consider the factors enumerated in 23 Pa.C.S.A. § 3701(b). They include:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under [§] 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b).

Here, Husband contends that he "credibly testified at the time of the hearing [before the divorce hearing officer] that the parties lived grossly beyond their means[,]" and the trial court failed to adequately take this into consideration. Husband's Brief at 48. Husband further contends that he should not be held responsible for the fact that Wife refuses to "curtail her spending habits." *Id.* at 49. Additionally, Husband avers that Wife's testimony setting her monthly expenses at $5,747.00 per month is incredible. *See id.* at 50. He suggests that Wife's "reasonable expenses are

approximately $4,094 per month." *Id.* Husband also avers that Wife has the ability to earn more money, and the trial court failed to adequately take this into consideration. *See id.* at 51.

In adopting the divorce hearing officer's recommendations regarding the award of alimony to Wife, the trial court found that the transcript of the hearing before the divorce hearing officer, as well as the resulting report and recommendations, reflect that the divorce hearing officer thoroughly considered the enumerated factors in determining the alimony award. *See* Trial Court Opinion, filed 12/4/24, at 4. The trial court specifically stated: "Th[e] [trial] court carefully reviewed the facts of this case, and the divorce hearing officer's report and recommendations, and found that [the divorce hearing officer] thoroughly and competently weighed [the] complex factors, including multiple businesses, health issues, abuse allegations, and real property." *Id.* at 3.

The trial court determined the reasonable needs of Wife could not be achieved by way of equitable distribution since Husband retained the largest marital asset (the daycare business), which was supposed to provide for both parties during retirement. *Id.* at 4. The trial court accepted the divorce hearing officer's assessment of Wife's expenses and income as "reasonable" and supported by the record. *Id.* The trial court also noted the daycare business will continue to produce income for Husband. *Id.* The trial court found the

alimony award was appropriate in amount and duration in light of the relevant factors. *Id.*

Contrary to Husband's contention, we find no abuse of discretion and hold the evidence was sufficient to support the alimony award. ***Crocker-Fasulo***, ***supra***. We specifically note the divorce hearing officer, whose recommendation the trial court accepted, specifically accounted for the fact the parties lived beyond their means during their marriage. Further, the divorce hearing officer amply explained his finding regarding Wife's expenses, as well as her abilities regarding earning income. Thus, we find no merit to Husband's issue on appeal.

For all of the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/19/2025