Michael Szura, Appellant v. The Zoning Hearing Board of Wyoming Borough and Robert Carpinent, Appellees.

Argued September 28, 1978, before Judges CRUMLISH, JR., DiSALLE and MacPHAIL, sitting as a panel of three.

*J. Earl Langan,* for appellant.

*Charles P. Gelso,* for appellee.

OPINION BY JUDGE MACPHAIL, January 26, 1979:

Michael Szura (Szura) has appealed from an order of a court en banc of the Court of Common Pleas of Luzerne County sustaining preliminary objections filed by Robert Carpinent (Carpinent) to Szura's exceptions to an order of President Judge BROMINSKI dismissing Szura's appeal from a decision of the Zoning Hearing Board of Wyoming Borough (Borough).

Procedurally, the case has travelled a rocky road. Carpinent, the landowner, was granted a variance by the Board. Szura, a property owner who did not appear personally before the Board but contends that he was represented by his children, appealed from the Board's decision. After three separate remand orders from the Luzerne County Court of Common Pleas, the Board found that Szura had not made a timely appearance of record before the Board as required by Section 908(3) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10908(3), because Szura's children had not informed the Board that they represented their father. Szura appealed from that decision by the Board. Carpinent, who was granted leave to intervene in Szura's appeal, filed a motion to quash that appeal. On June 9, 1976, President Judge BROMINSKI filed an opinion and order sustaining Carpinent's motion to quash thereby dismissing Szura's appeal. Szura filed exceptions to the Court's order of June 9, whereupon the Court ordered the notes of

testimony to be transcribed. Carpinent then filed a petition requesting leave to file preliminary objections to Szura's exceptions. That motion alleged that Szura's appeal should have been filed with this Court rather than the Court of Common Pleas of Luzerne County. After oral argument was heard by the Court en Banc, that Court on March 17, 1977, sustained Carpinent's preliminary objections holding that under the Local Rules of the Court of Common Pleas of Luzerne County, the order of a single judge in zoning matters was final and that exceptions to be argued before the Court en Banc were not permitted. Szura appealed from that order to this Court, his notice of appeal being filed July 20, 1977.

It will be observed that Szura did not file his notice of appeal from the order of the Luzerne County Court of Common Pleas dated March 17, 1977, within the 30 day period mandated by Pa. R.A.P. 903(a).[1] We are specifically prohibited by Pa. R.A.P. 105(b)[2] from enlarging the time for filing a notice of appeal or a petition for review except in cases of fraud or a breakdown in the processes of the court, neither of which is alleged here. When a statute or rule requires that an appeal be filed within a certain period of time, an untimely filing will not perfect the appeal. *General v. E. Roseman Co.*, 461 Pa. 284, 336 A.2d 287 (1975). The failure to timely file an appeal deprives an appellate court of jurisdiction. *Controller's Annual Report, Year 1972, of Lackawanna County*, 37 Pa. Com-

[1] Based on Section 502(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended, formerly* 17 P.S. §211.502(a), repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1443]. A similar provision is now found in the Judicial Code, 42 Pa. C.S. §5571.

[2] Related provisions are now found in the Judicial Code, 42 Pa. C.S. §§704, 5504.

monwealth Ct. 580, 390 A.2d 1368 (1978). Since the instant appeal was not timely filed, we have no jurisdiction. We must dismiss the appeal sua sponte. *Luckenbach v. Luckenbach*, 443 Pa. 417, 281 A.2d 169 (1971).

ORDER

AND Now, this 26th day of January, 1979, the appeal of Michael Szura is dismissed.