Francis J. Pavlis, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 5, 1979, before Judges ROGERS, DiSALLE and MACPHAIL, sitting as a panel of three.

*Francis J. Pavlis,* petitioner, for himself.

*Michael Klein,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 23, 1979:

This is an appeal from a decision of the Unemployment Compensation Board of Review (Board) awarding benefits to Francis J. Pavlis (Claimant) for the weeks ending October 23 and October 30, 1976, and denying his claim for benefits thereafter.

Factually, it appears from the record that Claimant, a resident of Illinois, was employed as a salesman in the Chicago area by the Wamsutta Trucraft Division of M. Lowenstein and Sons (Wamsutta), a Pennsylvania Company, from 1973 until September 27, 1976, when he was discharged because he made "excessive demands" upon that employer. On October 18, 1976, Claimant filed a claim in Illinois for unemployment compensation benefits. Since the employer was located in Pennsylvania the claim was processed as an interstate claim. A written "fact-finding report," completed by an investigator in Illinois and verified by the Claimant, states that Claimant became employed by Consolidated Textile Company (Consolidated), an Illinois Company, on October 19, 1976.[1] Claimant quit his job with Consolidated on October 29, 1976. His reasons for doing so are in dispute.

---

[1] Claimant testified at the June 15 hearing that Consolidated employed him on October 4, 1976. It would seem that that date (October 4) could not be correct since the initial claim was filed October 18, 1976.

On October 27, 1976, the Pennsylvania State Employment Service sent an inquiry to Wamsutta requesting more information on Claimant's discharge from that employer. In addition, Wamsutta's representative was interviewed on November 15, 1976. On that same date the Bureau of Employment Security (Bureau) in Pennsylvania determined that Claimant was ineligible for benefits with respect to his employment with Consolidated *and* with Wamsutta under the provisions of Section 402(b)(1) and 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§802(b)(1), (e). Claimant appealed that determination.

Pennsylvania then referred the case to Illinois for a hearing which was held March 17, 1977. At that hearing the referee (in Illinois) noted that Pennsylvania was apparently considering Claimant's separation from both employers and observed that Illinois normally would consider the last place of employment (Consolidated). Nevertheless, the referee proceeded with the hearing according to the instructions from Pennsylvania. At the hearing the Claimant testified that he made no excessive demands of Wamsutta and that he quit at Consolidated because (1) the financial rewards promised by Consolidated could not, in his opinion, be fulfilled within the time frame promised by Consolidated at the time of employment (2) he was required to be away from his home for long periods of time, causing distress to his family and (3) he was "on the road" too much. Neither employer was represented at the hearing and Claimant appeared without counsel.

A transcript of the hearing, together with Claimant's exhibits, were forwarded to Pennsylvania where a referee found that Claimant voluntarily left his em-

ployment without compelling or necessitous reasons and that benefits should be denied under Section 402 (b)(1). Obviously, those findings had to relate to Consolidated since there is no dispute that Claimant was discharged from Wamsutta.

Claimant appealed from that decision. For reasons not clear from the record, Pennsylvania again referred the matter to Illinois for a remand hearing. Again, neither employer was present and Claimant appeared without counsel. At the outset of that hearing, on June 15, 1977, the referee announced that the employer involved in the appeal was Consolidated. Even though Consolidated was an Illinois employer and the Claimant, an Illinois resident, the referee again conducted the hearing as an *interstate* proceeding. The Claimant again testified concerning the reasons why he quit his employment at Consolidated and upon questioning from the referee also explained why he was discharged at Wamsutta. After the hearing, a transcript, together with Claimant's exhibits, were forwarded to Pennsylvania.

On October 3, 1977, the Board handed down its decision showing the date of application for benefits as October *17*, 1976, and the compensable weeks as October 23 and 30, 1976. The Board concluded that since Wamsutta had not appeared and had presented no evidence at either hearing which would demonstrate that Claimant was guilty of willful misconduct, Claimant was entitled to benefits for the weeks ending October 23 and October 30. The Board also concluded that Claimant left Consolidated without compelling or necessitous reasons and therefore Claimant was not entitled to benefits after October 30.

In the appeal to this Court, Claimant says there was not substantial evidence to support the Board's findings and that the Board failed to develop all of the

relevant facts in the case. Neither the Claimant nor the Board nor the referees, with one exception noted, have questioned the jurisdiction of the Board to decide a claim involving an Illinois resident and an Illinois employer.[2] Since the Board allowed benefits to the Claimant for his separation from Wamsutta, no appeal has been taken from that part of the Board's decision.[3]

Jurisdictional matters may be raised sua sponte by the Court. *Szura v. The Zoning Hearing Board of Wyoming Borough*, 40 Pa. Commonwealth Ct. 172, 397 A.2d 33 (1979). Obviously, if the Board had no jurisdiction in the case, neither does this Court. Even though the Board had jurisdiction to process that part of Claimant's claim which pertained to Wamsutta, it had no authority whatsoever to adjudicate the claim as it pertained to Consolidated.[4] When it became apparent that Claimant had claims against two employers, only one of which could be processed as an interstate claim, they should have been severed either in Illinois or in Pennsylvania.

Under the circumstances, because we lack jurisdiction, we must vacate that part of the Board's order which denied benefits relating to Claimant's separation from Consolidated.

### ORDER

AND Now, this 23rd day of April, 1979, the order of the Unemployment Compensation Board of Review, dated October 3, 1977, is vacated insofar as it applies to Consolidated Textiles of Chicago, Illinois. That

---

[2] There is no indication anywhere in the record that Consolidated is even aware of the appeal to this Court, although notice of the Board's decision, dated October 3, 1977, was given to Consolidated.

[3] Since Wamsutta has failed to appeal, we are not bound to consider the issue of Claimant's employment status during the weeks he was awarded compensation.

[4] Section 4 of the Law, 43 P.S. §753.

portion of the case is remanded to the Board for referral to the appropriate authorities in Illinois for adjudication and disposition.