## In Re: Peter Warren Kemmerer. Peter Warren Kemmerer, Appellant.

456

Argued June 8, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*John P. Thomas,* with him *Thomas and Hair,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE CRAIG, September 14, 1979:

Pennsylvania Rule of Appellate Procedure (Pa. R.A.P.) 903(a), under the authority of 42 Pa. C.S. §5571(a), requires the filing of a notice of appeal to this court within 30 days of the entry of the order appealed.

An appeal which is untimely must be quashed because Pa. R.A.P. 105(b) prohibits appellate courts from enlarging the time for the filing of a notice of appeal.

The mere filing of a petition for reconsideration or rehearing from an order of a Court of Common Pleas does not operate to toll the appeal period. *Provident*

*National Bank v. Rooklin,* 250 Pa. Superior Ct. 194, 378 A.2d 893 (1977). Under Pa. R.A.P. 1701(b)(3), only the timely granting of reconsideration by the lower court will affect the appeal time.

In this case, the Court of Common Pleas of Lehigh County dismissed appellant's appeal from the suspension of his motor vehicle operating privileges by an order and opinion dated July 15, 1977 and entered July 22, 1977. Appeal time runs from the date the order is entered of record. Pa. R.A.P. 903(a); *Provident National Bank v. Rooklin, supra.*

Appellant presented a petition for rehearing to the lower court judge on August 22, 1977; the order denying that petition was dated August 23, 1977, and that order, as well as the petition, were entered on that same date.

Notice of an appeal to this court was filed September 1, 1977, clearly more than 30 days after entry of the order dismissing the original appeal.

Appellant complains that the Commonwealth raised the question of late filing only shortly before oral argument before us. Although we do not consider such tardiness to be proper, late filing of an appeal is nevertheless a jurisdictional matter which may even be raised by the court itself. *Strickler v. United Elevator Co.,* 257 Pa. Superior Ct. 542, 391 A.2d 614 (1978); *Szura v. Zoning Hearing Board of Wyoming Borough,* 40 Pa. Commonwealth Ct. 172, 397 A.2d 33 (1979).

Accordingly, we must quash this appeal.

### ORDER

AND Now, this 14th day of September, 1979, this appeal from the order of the Court of Common Pleas of Lehigh County at No. 631 April Term, 1977 is hereby quashed.