442 A.2d 296

PENJERDEL REFRIGERATION CORPORATION, INC.

v.

R.A.C.S., INC., James J. Phelan, Daniel T. Ryan, and
Edward J. Ziwczyn, Appellants.

Superior Court of Pennsylvania.

Argued Jan. 6, 1981.

Filed Feb. 26, 1982.

Francis J. Moran, Philadelphia, for appellants.

Michael T. McDonnell, Jr., Drexler, Hill, for appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that appellee is not entitled to a preliminary injunction and that venue was improperly laid in Montgomery County. Because appellants have failed to perfect their appeal, we do not reach the merits of these contentions, and, instead, quash the appeal.

On January 11, 1980, appellee filed a complaint in equity and a petition for a preliminary injunction, alleging that the individual appellants, former employees of appellee, had interfered with appellee's existing construction contracts and had utilized confidential information gained while employed to divert other construction contracts from appellee to appellant corporation. In particular, appellee sought to enjoin appellants' performance of a particular contract between the appellant corporation and a Philadelphia supermarket. Following a hearing, the lower court granted the preliminary injunction and entered an order dated January 30, 1980, enjoining appellants from completing the work in progress, interfering with any other contracts between appellee and third parties, and using any confidential information to obtain future contracts in competition with appellee. Additionally, appellants were required to account for profits realized on their work to date. On February 12, 1980, appellants filed a petition for reconsideration of the January 30 order. The lower court promptly granted appellants' petition for reconsideration. On February 28, 1980, appellants filed a notice of appeal to this Court concerning the order of January 30. Later that same day, the lower court

issued its amended order granting appellee's petition for a preliminary injunction. Appellants filed no new appeal from the amended order.

■ Timeliness of an appeal is a jurisdictional matter which can be raised by the court *sua sponte. See, e.g., Commonwealth v. Molyneaux,* 277 Pa.Superior Ct. 264, 266, 419 A.2d 763, 764 (1980); *Commonwealth v. Gottshalk,* 276 Pa.Superior Ct. 102, 104, 419 A.2d 115, 116 (1980); *In re Kemmerer,* 46 Pa.Commonwealth Ct. 455, 457, 405 A.2d 1108, 1109 (1979). Rule 903(a) of the Rules of Appellate Procedure provides that, in general, "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." An appellate court "may not enlarge the time for filing a notice of appeal." Pa.R. A.P. 105(b).

The mere filing of a petition for reconsideration . . . does not operate to toll the appeal period. *Provident National Bank v. Rooklin,* 250 Pa.Superior Ct. 194, 378 A.2d 893 (1977). Under Pa.R.A.P. 1701(b)(3), only the timely granting of reconsideration by the lower court will affect the appeal time.

*In re Kemmerer, supra,* 46 Pa.Commwlth. at 456–57, 405 A.2d at 1109.

■ Appellants' petition for reconsideration of the January 30 order was timely filed. *Hook v. Athens Area School Dist.,* 50 Pa. Commonwealth Ct. 420, 423, 413 A.2d 1151, 1153 (1980), citing Pa.R.Civ.P. 1522 (petition for rehearing must be filed within period allowed for taking of appeals). The order of the lower court granting reconsideration tolled the appeal period. Pa.R.A.P. 1701(b)(3); *In re Kemmerer, supra.* However, that order also rendered inoperative appellants' notice of appeal concerning the January 30 order.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal . . . theretofore or thereafter filed or docketed with respect to the prior order . . . . Where a timely order of

reconsideration is entered under this paragraph, the time for filing a notice of appeal . . . begins to run anew after the entry of the decision on reconsideration whether or not that decision amounts to a reaffirmation of the prior determination of the lower court or other governmental unit.

Pa.R.A.P. 1701(b)(3). *See also Provident National Bank v. Rooklin*, 250 Pa.Superior Ct. 194, 201, 378 A.2d 893, 896 (1977). Because appellants' notice of appeal was rendered inoperative by the timely order granting reconsideration and appellants filed no new notice of appeal from the amended order issued by the court below upon reconsideration, the appeal was not timely filed and we are without jurisdiction to entertain it.

Appeal quashed.

WIEAND, J., files a dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. The majority's quashing of the instant appeal is unnecessarily harsh and unwarranted. I would reach the merits of the appeal and, because the preliminary injunction entered by the court below was unsupported by any reasonable basis, I would reverse.

On January 11, 1980, the appellee, Penjerdel Refrigeration Corporation, Inc., filed a complaint in equity and a petition for a preliminary injunction against appellants, R.A.C.S. Inc., James J. Phelan, Daniel T. Ryan, and Edward J. Ziwczyn. On January 30, 1980, after three days of hearings, the trial court entered a preliminary injunction which restrained appellants from offering competition to appellee by negotiating or attempting to negotiate with persons who were known to have done business with appellee and, specifically, from completing a steam-fitting construction contract, then 60% complete, at the Blue Grass Road Acme site. The order also directed appellants to account for profits

previously realized from the Acme job. On February 12, 1980, appellants petitioned for reconsideration, and the court, without granting or denying the same, set a hearing thereon for February 26, 1980. Following that hearing, the trial court entered an amended order, the substantive effect of which was to delete from the preliminary injunction the direction that appellant account for profits. A notice of appeal [1] was filed on February 28, 1980.

The majority strikes this appeal because the notice of appeal inadvertently recited the order being appealed from as that of January 30, 1980, rather than the order of February 26, 1980. This defect, in my judgment, is an error of form and is technical at best. It does not deprive this court of jurisdiction to review the injunction. No appeal was filed until after the trial court's amended order had been issued and notice thereof had been formally given. No one was misled about the fact that it was the granting of the preliminary injunction which appellants desired this Court to review. Neither was there any doubt that it was the court's final expression of temporary relief that was properly subject to such review. Therefore, I find it unduly technical and unnecessarily harsh to quash the appeal merely because it was the original order and not the amended order which was inadvertently recited in the notice of appeal. This is particularly true where, as here, the only substantive change achieved by the amended order was to delete from the preliminary injunction the premature directive to account for profits.

The principal subject of the preliminary hearing was a contract between appellants and Acme for the installation of pipes. Appellants' bid, the trial court could have found, was made while the individual appellants remained in appellee's employ and was in competition with a bid submitted by appellee. However, it was not until appellants had termi-

1. An appeal may be taken as of right from "[a]n order granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Pa.R.App.P. 311(a)(4).

nated their employment with appellee, that their bid was accepted. They then commenced the steam-fitting contract. The job was 60% complete when they were enjoined from doing additional work. Appellee contended during the hearing in the court below that appellants had misappropriated trade secrets, i.e., the figures and estimates used in formulating appellee's bid for the same job, and had interfered with appellee's contractual relations.

In reviewing a preliminary injunction, an appellate court will "look only to see if there were any apparently reasonable grounds for the action of the court below . . . ." *Herman v. Dixon*, 393 Pa. 33, 36, 141 A.2d 576, 577 (1958), quoting from *Lindenfelser v. Lindenfelser*, 385 Pa. 342, 343–44, 123 A.2d 626, 627 (1956). "Ordinarily, three prerequisites are essential to justify the issuance of a preliminary injunction. First, the issuance of the preliminary injunction [must be] necessary to prevent immediate and irreparable harm which could not be compensated by damages; second, greater injury would result by refusing the preliminary injunction than by granting it; third, until a final determination can be made, the decree preserves the status quo and the rights of the parties as they existed immediately prior to the allegedly wrongful conduct." *American Federation of State, County & Municipal Employees v. Shapp, et al.*, 443 Pa. 527, 532–33, 280 A.2d 375, 376–77 (1971) citing *Alabama Binder & Chemical Corporation v. Pennsylvania Industrial Chemical Corporation*, 410 Pa. 214, 189 A.2d 180 (1963).

In the instant case, none of these prerequisites was present. Even if I assume the correctness of the trial court's conclusion that appellants had obtained the Acme contract by conduct that was unconscionable, an award of damages would clearly have provided adequate compensation for the loss sustained. Moreover, the failure of appellee to take legal action until almost 60% of the job had been completed suggests that a preliminary order attempting to maintain the status quo was unnecessary, perhaps even

unwise. Indeed, the court's order in the instant case did not preserve but, in fact, destroyed the status quo.

The potential for harm was greater under the restraining order than it would have been if it had been refused. Acme was engaged in a major construction project. It faced serious, perhaps irreparable harm, from delay. Such delay, however, was inherent in an order enjoining appellants from performing their contract during the litigation intended to decide who was entitled to the profits from the work appellants had contracted to do. Not only was there potential for harm to Acme, there was also an increased likelihood of harm to appellants because of the preliminary injunction. Appellants were being directed not to perform a contract which they had entered with a third person who was not a party to the present litigation. If appellants' conduct had been wrongful, they could properly be required to compensate appellee for the damages caused by that wrongful conduct. However, a court should not grant relief which is more extensive than necessary to compensate the injured party for his loss. It should not fashion a remedy which also requires the wrongdoer to breach a contractual relationship with an innocent third person and thereby subject the wrongdoer to the potential of a separate legal action for damages.

The Acme job was the focal point of the hearing and of appellee's request for relief. Nonetheless, the relief actually granted by the lower court enjoined much more than completion of that project. While appellee contends that other contracts were jeopardized by appellants' operations, my review of the record discloses no more than speculation based upon the fear of competition. In short, the record contains no substantive evidence of widespread wrongdoing on the part of appellants such as would support the broad injunction issued by the court below.

Accordingly, I would vacate the preliminary injunction and remand for further proceedings on appellee's complaint.