## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tyree A. Lawson, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 277 M.D. 2022 |
| | : | SUBMITTED: April 21, 2023 |
| Court of Common Pleas of | : | |
| Montgomery County | : | |
| Prothonotary Office, | : | |
| Respondent | : | |

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE ELLEN CEISLER, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                         **FILED:  December 21, 2023**

**Introduction**

         In this somewhat confusing matter, before the Court is the Montgomery County Prothonotary's Office's[1] preliminary objection in the nature of a demurrer[2]

---

[1] While the complaint refers to the "Court of Common Pleas of Montgomery County Prothonotary Office," we note that the Prothonotary, while a clerk of the trial court, *see* Pennsylvania Constitution, Schedule to article V, § 15, is not synonymous with the court of common pleas, which is not a party and has not been served. Although not personally named, for purposes of considering this matter in our original jurisdiction, we treat the Prothonotary as synonymous with his office.

[2] In addition to the preliminary objection in the nature of a demurrer, the Prothonotary also raised a preliminary objection for lack of personal jurisdiction due to an alleged failure to make **(Footnote continued on next page…)**

to the filing by Tyree A. Lawson, who is an inmate incarcerated at the State Correctional Institution (SCI)-Phoenix, *pro se*, purporting to be a "Petition for Review . . . And/Or In The Alternative Nunc Pro Tunc Appeal." (Reproduced R. "R.R." at 4a.)

An understanding of this dual filing is essential to our disposition. Lawson's pleading is styled both as an original jurisdiction petition for review from a refusal to act by the Prothonotary *and* an appeal from an order of the Court of Common Pleas of Montgomery County in underlying litigation issued in November 2020. In the action brought in our original jurisdiction, Lawson seeks mandamus and declaratory relief to compel the Prothonotary to accept his filings and payment of filing fees in the underlying prisoner litigation (R.R. at 10a). With respect to the petition for review, we overrule the preliminary objection.

With respect to his appeal, Lawson asks for review *nunc pro tunc* of the trial court's order, albeit without meeting any of the substantive or procedural requisites of a notice of appeal. Specifically, Lawson asks "[w]here the [trial] court failed to do such[,] and must [sic] reissue an accurate [o]rder to allow such" and "any other relief the [C]ourt deems just and proper." As to the appellate aspect of Lawson's filing, we quash the appeal because we lack jurisdiction to consider it.

**The Underlying Litigation**

---

proper service of original process. The Prothonotary's Office has withdrawn the objection to personal jurisdiction. (Respondent's Br. at 8 n.4.)

Lawson filed a pleading styled as "preliminary objections to . . . [the Prothonotary's] preliminary objections['] misrepresentations." The Court directed the matter to be submitted on briefs without oral argument.

The essential facts alleged by Lawson regarding the underlying litigation are as follows.[3] In July 2018, Lawson, an inmate in the custody of the Pennsylvania Department of Corrections, was relocated from SCI-Graterford to SCI-Phoenix. During that move, Lawson avers that his personal property (records of other litigation) was lost, stolen, or otherwise confiscated by Department of Corrections staff. As a result of the alleged July 2018 confiscation of his property, Lawson filed an action in federal court against the former Secretary of Corrections and other officials of the agency. After the action was dismissed in federal court, Lawson refiled in the trial court in June 2020, seeking to proceed *in forma pauperis* (IFP). The request to proceed IFP was initially granted.

The defendants in the underlying litigation filed a motion to revoke Lawson's IFP status under the Prison Litigation Reform Act, 42 Pa.C.S. § 6602(f), and Lawson filed a response. On November 16, 2020, the trial court issued an order revoking Lawson's IFP status and dismissing the matter without prejudice.[4] [Order, *Lawson v. Wetzel* (C.C.P. Montgomery Cnty., Civil Division, Docket No. 2020-10757, filed Nov. 16, 2020).] Lawson did not appeal within 30 days or seek reconsideration of the trial court's order. Rather, over a protracted period, on dates not identified, Lawson attempted to revive the underlying litigation by tendering the filing fee to the Prothonotary. The Prothonotary has refused to accept the filing fee,

---

[3] We note that the recitation of the facts of the underlying litigation are drawn from Lawson's filing; other than the order of the trial court dismissing the action and a printout of docket entries attached to the petition for review, there is a lack of any documentation of the underlying litigation in the record of the instant case.

[4] Without records of the underlying litigation, we are left to surmise that the trial court revoked IFP status and dismissed the matter in reliance upon Section 6602 of the Prison Litigation Reform Act, 42 Pa.C.S. § 6602, as suggested by Lawson. As discussed *infra*, whether that decision was correct is not properly before us.

stating cursorily in various responses that the underlying case was closed. Lawson wishes to rekindle the underlying litigation under its original docket number because the statute of limitations on the underlying action has since run.

**Issues Before the Court**

The Prothonotary raises the following issues:

[1] After a [trial] court order revokes a pro se plaintiff's [IFP] status and dismisses his complaint without giving the plaintiff an opportunity to pay his filing fee, must the Prothonotary . . . nevertheless accept . . . [Lawson's] subsequent tender of the filing fee and "reinstate" his dismissed complaint under the case's original docket number? [and]

[2] May a plaintiff in a mandamus action against the Prothonotary[] . . . properly request and obtain leave to file a *nunc pro tunc* appeal of an order of dismissal entered in a different case which the plaintiff filed in a different court against different defendants.

(Prothonotary's Br. at 2.)

**The Original Jurisdiction Action**

With regard to the first issue, the Prothonotary's arguments generally track two of the three elements necessary for mandamus relief, i.e., that it has no duty to provide the relief sought and that Lawson failed to take advantage of other adequate or appropriate remedies.[5] The Prothonotary argues that without reversal or modification of the trial court's order dismissing the underlying action, it lacked the legal duty to accept Lawson's subsequent tender of the filing fee and to "reinstate"

---

[5] To prevail, the petitioner seeking mandamus relief must establish the following: (1) a clear right to relief; (2) a corresponding duty in the respondent; and (3) the lack of any other adequate and appropriate remedy. *Baron v. Dep't of Hum. Servs.*, 169 A.3d 1268, 1272 (Pa. Cmwlth. 2017) (*en banc*).

4

the dismissed complaint under its original docket number. The Prothonotary further argues that Lawson could have sought reconsideration of the trial court's order or filed a timely notice of appeal. The Prothonotary also argues that mandamus is improper because to accept a filing fee and "reinstate" a complaint that has been closed for (at the time of the brief) two years would be "futile and ineffectual" given the trial court's order. *Com. ex rel. McLaughlin v. Erie Cnty.*, 100 A.2d 601, 604 (Pa. 1953) ("mandamus will not issue . . . where it is apparent that the writ will be futile or ineffectual by reason of the inability of the respondent to comply therewith"). The Prothonotary argues that Lawson's issue is with the trial court, and not with him.

In one of our early cases, cited many times by the courts of this Commonwealth, we observed as follows:

> A [p]rothonotary may have the power, and even the duty, to inspect documents tendered for filing and to reject them if they are not on their face in the proper form . . . but this power is limited. He is not in the position of an administrative officer who has discretion to interpret or implement rules and statutes . . . . Any question of construction must be resolved by the courts, not by the [p]rothonotary nor the parties. The [p]rothonotary must accept papers and file them. *He must also collect fees fixed by the legislature.* He has no discretion in this matter nor does he act in a judicial capacity.

*Warner v. Cortese*, 288 A.2d 550, 552 (Pa. Cmwlth. 1972) (emphasis supplied). The Prothonotary cannot say that he has no legal duty to accept the fee tendered—for the legislature has set the fee for filings.[6] Whether Lawson could have or should have availed himself of the ability to seek reconsideration by the trial court of its order or

---

[6] Section 1 of Act of February 14, 1986, P.L. 7, 42 P.S. § 21161.

5

pursued an appeal is irrelevant to the issue of whether a fee must be accepted. Further, whether the payment would be futile is not properly before us. As the Prothonotary takes pains to remind us, whether Lawson's suit may proceed as filed is a matter properly to be decided by the trial court.

At this stage, we must accept as true and accurate the averments in Lawson's complaint (including the two attachments), which is the only information we have regarding the underlying civil complaint or the subsequent events. We can see from the order that IFP status was revoked, and that the complaint was dismissed *without prejudice*, but we cannot tell the basis for that order. While we assume, from Lawson's pleading, that it was based upon the Prison Litigation Reform Act (*see infra* note 4), was it on the basis of financial ineligibility,[7] or on the ground of multiple past instances of abusive litigation, or bad faith? If the latter, the dismissal without prejudice would seem to be an unlikely result but, at all events, we do not know the reason for the order. Moreover, we cannot tell whether Lawson's alleged attempts to pay the filing fee occurred within the statute of limitations. Without development of facts such as these, we cannot say with certainty that the Prothonotary did not, by refusing to perform a mandatory duty to accept a filing fee, thwart Lawson's legitimate attempts to reinstate his complaint before it was barred by the statute of limitations. If that *were* to be found, it *might* entitle Lawson to some form of equitable relief, but that is certainly not before us at this point. All we can say is that at the stage of preliminary objections we cannot say with certainty that Lawson is not entitled to any form of relief.

**The Appeal *Nunc Pro Tunc***

---

[7] Since Lawson has stated that he attempted to pay the filing fee, IFP status could have been revoked because he had, in fact, sufficient funds in his account.

6

Turning to the appeal *nunc pro tunc*, we quash this portion of Lawson's filing because we lack jurisdiction.[8]

Lawson argues that the trial court improperly dismissed his case and denied him the opportunity to pay the filing fee when it revoked his IFP status. (Petition for Review/Notice of Appeal ¶ 34, R.R. at 9a.) However, the trial court's order was filed on November 16, 2020, and Lawson did not file his appeal *nunc pro tunc* in this Court until May 15, 2022, some 16 months later. An appeal from a trial court's order must be filed within 30 days of the entry of the order from which the appeal is taken. Section 5571(a) of the Judicial Code, 42 Pa.C.S. § 5571(a) ("[t]he time for filing an appeal . . . in . . . the Commonwealth Court shall be governed by general rules"); Pennsylvania Rule of Appellate Procedure 903(a), Pa. R.A.P. 903(a) ("the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). An appellate court "may not enlarge the time for filing a notice of appeal." Rule 105(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 105(b). Appeals filed after the expiration of the 30-day appeal period are untimely and deprive the appellate court of subject matter jurisdiction. *Com. v. Williams*, 106 A.3d 583, 587 (Pa. 2014); *Szura v. Zoning Hearing Bd. of Wyoming Borough*, 397 A.2d 33, 34 (Pa. Cmwlth. 1979).

While the appellate courts may, under certain circumstances, enlarge time to file an appeal, the reason for filing a late appeal "must be extraordinary and involve fraud or some breakdown of the court's operation through a default of its officers, whereby the party has been injured." *Nixon v. Nixon*, 198 A. 154, 157 (Pa. 1938). An application to appeal *nunc pro tunc* must set forth "some legitimate basis" for the delay, that is, "sufficient facts upon which to conclude that the delay

---

[8] Because of our disposition, we do not reach the argument raised by the Prothonotary.

was justified and should be overlooked." *Robinson v. Pa. Bd. of Prob. & Parole*, 582 A.2d 857, 860 (Pa. 1990). No such facts have been alleged here. Moreover, the appeal *nunc pro tunc* must be filed within a reasonable time. *Nixon*, 198 A. at 157. Sixteen months from an order of a trial court is, quite simply, not reasonable.

As we have no jurisdiction, we must quash the appeal. *See Szura*, 397 A.2d at 34.

**Conclusion**

In light of the foregoing, the Prothonotary's Office's preliminary objection in the nature of a demurrer is overruled. Furthermore, Lawson's filing, to the extent it seeks to invoke our appellate jurisdiction, is quashed.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree A. Lawson,                              :
                          Petitioner          :
                                              :
            v.                                :   No. 277 M.D. 2022
                                              :
Court of Common Pleas of                      :
Montgomery County                             :
Prothonotary Office,                          :
                          Respondent          :

## O R D E R

AND NOW, this 21st day of December, 2023, the Preliminary Objection of Respondent, Court of Common Pleas of Montgomery County Prothonotary Office, to the Petition for Review of Petitioner, Tyree A. Lawson, is OVERRULED. Respondent is directed to file an answer within 30 days of the date of this order with regard to the original jurisdiction aspect of the above-captioned matter.

Petitioner's Appeal *Nunc Pro Tunc* is QUASHED. To the extent that Petitioner sought to invoke this Court's appellate jurisdiction, we relinquish appellate jurisdiction of the above-captioned matter.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita