IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont Pugh,                                    :
                                               :
                          Appellant            :
                                               :
            v.                                 : No. 363 C.D. 2023
                                               : Submitted: June 4, 2024
George Little (former Secretary of             :
Corrections); Superintendent                   :
Michael Zaken; V. Santoyo                      :
(Lieutenant); John Doe (6-2 Shift              :
Sergeant); and John Doe (10-6 Shift            :
Lieutenant)                                    :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:    June 28, 2024


        On April 10, 2023, and May 30, 2023, Lamont Pugh, an inmate at the State Correctional Institution at Greene, filed Notices of Appeal from the February 27, 2023 order of the Greene County Court of Common Pleas (trial court) dismissing the Complaint that he filed against George Little (former Secretary of Corrections); Superintendent Michael Zaken; V. Santoyo (Lieutenant); John Doe (6-2 Shift Sergeant); and John Doe (10-6 Shift Lieutenant) based on their purported negligence regarding the conditions of his confinement. Both of the Notices of Appeal assert that the delay in filing was due to Pugh's March 10, 2023 request for reconsideration

in the trial court, which was ultimately denied on March 28, 2023. *See* Trial Ct. Docket Entries 7, 9, and 10.[1]

It is well settled that an appeal from the trial court's order must be filed within thirty (30) days; otherwise, we are without jurisdiction to consider the matter. Indeed, as this Court has explained:

> Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 903(a), under the authority of [Section 5571(a) of the Judicial Code,] 42 Pa. C.S. §5571(a), requires the filing of a notice of appeal to this [C]ourt within 30 days of the entry of the order appealed.
>
> An appeal which is untimely must be quashed because Pa.R.A.P. 105(b) prohibits appellate courts from enlarging the time for the filing of a notice of appeal.
>
> The mere filing of a petition for reconsideration or rehearing from an order of a [c]ourt of [c]ommon [p]leas does not operate to toll the appeal period. *Provident National Bank v. Rooklin*, [378 A.2d 893 (Pa. Super. 1977)]. Under Pa.R.A.P. 1701(b)(3), only the timely granting of reconsideration by the lower court will affect the appeal time.
>
> In this case, the [court of common pleas] dismissed [the] appellant's appeal from the suspension of his motor vehicle operating privileges by an order and opinion dated July 15, 1977[,] and entered July 22, 1977. Appeal time runs from the date the order is entered of record. Pa.R.A.P. 903(a); *Provident National Bank v. Rooklin*[.]
>
> [The a]ppellant presented a petition for rehearing to the lower court judge on August 22, 1977; the order

---

[1] By June 29, 2023 order, we directed the parties to address the timeliness of this appeal in their principal briefs on the merits or in an appropriate motion. Pugh did not address this issue in the appellate brief that he filed on October 4, 2023, or in any other motion. By letter dated October 11, 2023, the appellees advised this Court that they would not participate in this appeal because the matter was dismissed by the trial court prior to service of the Complaint.

denying that petition was dated August 23, 1977, and that order, as well as the petition, were entered on that same date.

Notice of an appeal to this court was filed September 1, 1977, clearly more than 30 days after entry of the order dismissing the original appeal.

[The a]ppellant complains that the Commonwealth raised the question of late filing only shortly before oral argument before us. Although we do not consider such tardiness to be proper, late filing of an appeal is nevertheless a jurisdictional matter which may even be raised by the [C]ourt itself. *Strickler v. United Elevator Co.*, [391 A.2d 614 (Pa. Super. 1978)]; *Szura v. Zoning Hearing Board of Wyoming Borough*, [397 A.2d 33 (Pa. Cmwlth. 1979)].

Accordingly, we must quash this appeal.

*In re Kemmerer*, 405 A.2d 1108, 1109-11 (Pa. Cmwlth. 1979).

Likewise, in the instant matter, the trial court's order underlying the appeal was filed on February 27, 2023, and neither of the Notices of Appeal were filed within 30 days thereby depriving this Court of jurisdiction over this appeal. Moreover, Pugh's filing of the Motion for Reconsideration in the trial court did not toll the time within which the Notices should have been filed. *In re Kemmerer*.

Accordingly, the appeal is quashed.

_____
MICHAEL H. WOJCIK, Judge

3

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamont Pugh,                                          :
                                                     :
                              Appellant              :
                                                     :
                v.                                   : No. 363 C.D. 2023
                                                     :
George Little (former Secretary of                   :
Corrections); Superintendent                         :
Michael Zaken; V. Santoyo                            :
(Lieutenant); John Doe (6-2 Shift                    :
Sergeant); and John Doe (10-6 Shift                  :
Lieutenant)                                          :

# **O R D E R**

AND NOW, this 28th day of June, 2024, the above-captioned appeal is QUASHED. The Motion for Preliminary Injunction filed by Appellant is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge