IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mena Dous,                              :
                    Appellant          :
                                        :
        v.                              :    No. 415 C.D. 2023
                                        :
Commonwealth of Pennsylvania,           :    Submitted: August 9, 2024
Department of Transportation,           :
Bureau of Driver Licensing             :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: September 19, 2024


Mena Dous (Licensee), proceeding *pro se*, has filed an appeal from the April 4, 2023 order entered by the Court of Common Pleas of Dauphin County (trial court), denying his petition to appeal *nunc pro tunc* from the March 25, 2022 suspension of his driver's license imposed by the Department of Transportation, Bureau of Driver Licensing (DOT). Alternatively, Licensee seeks to appeal *nunc pro tunc* from the trial court's February 6, 2023 final order dismissing as untimely his statutory appeal. Also before the Court is DOT's Motion for Remand. Upon careful review, we deny *nunc pro tunc* relief and quash the appeal as untimely and dismiss DOT's Motion for Remand.

On March 25, 2022, DOT suspended Licensee's operating privilege indefinitely, pursuant to Section 1533(b) of the Vehicle Code, 75 Pa. C.S. § 1533(b)

(relating to suspension of operating privilege for failure to respond to citation—violations outside Commonwealth). Nearly eight months later, on November 7, 2022, Licensee filed a *pro se* statutory appeal from the March 25, 2022 notice of the indefinite suspension of his operating privilege. (Original Record (O.R.) at 12.) In the space provided for explaining the reasons why he believed the suspension was unlawful, the following partial explanation appears:

> [DOT] suspended my license for allegedly failing to pay or respond to a traffic citation from NJ. Appox. 1.5 years after the traffic citation [DOT] sent notice that it was going to suspend my license. I contacted Bedminster Municipal Court who gave me a court date in last August whereby I was instructed by the Judge to explain my case to the prosecutor and he would decide if he wanted to pursue. I did, and the pros. did elect to pursue, and the court scheduled a hearing in December once again via zoom. CONT.
>
> CONTINUED ON PAGE TITLED "FURTHER REASONING"[1]

*Id.*

On November 8, 2022, the trial court filed a Scheduling and Supersedeas Order, which stayed the suspension and scheduled a hearing on the appeal for January 24, 2023. On January 24, 2023, the trial court filed an order that continued and rescheduled the hearing to February 28, 2023.

On February 6, 2023, the trial court "upon further review of [Licensee's] Suspension Appeal filed November 7, 2022, . . . note[d] that said appeal was untimely filed as the notice of suspension was dated March 25, 2022" and dismissed the action. (O.R. at 20.) No appeal from that order was filed with this Court within the mandated

---

[1] The page titled "further reasoning," however, is not included in the original record. Nevertheless, Licensee does not argue that he set forth any argument in his November 7, 2022 statutory appeal as to why the trial court should consider his late appeal.

30-day time period.  *See* Pa.R.A.P. 903 ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").  Instead, on February 17, 2023, Licensee filed with the trial court a motion to proceed *nunc pro tunc* (O.R. at 22), arguing that the original suspension should not have been imposed because the underlying citations were in the process of being contested before the municipal court judge.  Licensee indicated that he had sent numerous notices of the hearings to DOT.  He argued that if DOT had properly rescinded the suspensions as it should have, his appeal would not have been untimely nor even possibly necessary.  *Id.* at 22.  On February 28, 2023, the trial court entered an order indicating that it would not entertain Licensee's motion to proceed *nunc pro tunc* because he failed to comply with certain Pennsylvania and local rules of civil procedure.  *Id.* at 24.  The trial court instructed Licensee to "review the rules" and "resubmit a filing in conformance with the reference rules to the Prothonotary."  *Id.* at 24-25.  Thereafter, on March 31, 2023, Licensee filed an amended motion to proceed *nunc pro tunc*, which again the trial court refused to entertain by order of April 4, 2023.  The trial court's order stated:

> AND NOW, this 4th day of April 2023, the Amended Motion to Proceed *Nunc Pro Tunc* and Consolidate filed March 31, 2023[,] will not be entertained since the above captioned matter was dismissed per order of this court dated February 6, 2023.

*Id.* at 32.

On April 7, 2023, Licensee filed an appeal in this Court[2] from the trial court's April 4, 2023 order.  He challenges the lawfulness of his license suspension and

---

[2] This Court's standard of review of the trial court's denial of a *nunc pro tunc* appeal is limited to determining whether the trial court abused its discretion or committed an error of law. *Hudson v.*
**(Footnote continued on next page…)**

the constitutionality of Section 1533 of the Vehicle Code, 75 Pa. C.S. § 1533. On June 20, 2023, he filed a Motion for Emergency Relief in this Court seeking an order permitting his appeal in this Court to go forward *nunc pro tunc* on the merits, granting a motion to consolidate all sanctions which DOT imposed on him, and issuing a supersedeas of the suspension of his operating privilege pending disposition of his appeal. On July 18, 2023, by *per curiam* Memorandum and Order, this Court denied the Motion for Emergency Relief, including Licensee's request that we allow his appeal to move forward *nunc pro tunc*, and directed the parties to address the timeliness of Licensee's appeal in their principal briefs on the merits.[3]

On August 16, 2023, DOT filed a Motion for Remand, arguing that rather than dismissing Licensee's appeal, the trial court should have held a hearing in accordance with *Department of Transportation, Bureau of Driver Licensing v. Schillaci*, 639 A.2d 924 (Pa. Cmwlth. 1994), in order to determine whether Licensee should be permitted to pursue his statutory appeal on a *nunc pro tunc* basis. On September 23, 2021, this Court filed a *per curiam* Memorandum and Order directing the parties to address whether the matter should be remanded for the reasons stated in the Motion to Remand and listing the motion with the merits of the appeal.

Before addressing the substantive issues Licensee raises in this appeal or DOT's Motion for Remand, we must first consider whether Licensee is entitled to *nunc pro tunc* relief. That is because "[t]ardy filings go to the jurisdiction of the tribunal to entertain a cause[,]" and "[j]urisdiction is the predicate upon which a consideration of

---

*Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 n.6 (Pa. Cmwlth. 2003).

[3] Licensee filed a "Notice of Appeal" from our July 18, 2023 Order in the Supreme Court, which returned the Notice of Appeal as unfiled on the basis that our order was not a final, appealable order.

the merits must rest." *Robinson v. Pennsylvania Board of Probation and Parole*, 582 A.2d 857, 860 (Pa. 1990). Appeals filed after the expiration of the 30-day appeal period are untimely and deprive the appellate court of subject matter jurisdiction. *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014); *Talty v. Unemployment Compensation Board of Review*, 197 A.3d 842 (Pa. Cmwlth. 2018); *Szura v. Zoning Hearing Board of Wyoming Borough*, 397 A.2d 33, 34 (Pa. Cmwlth. 1979).

### Licensee's Request to Appeal *Nunc Pro Tunc*

Generally, a notice of appeal must be filed within "30 days after the entry of the order from which the appeal is taken." Rule 903(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 903(a); Section 5571(a) of the Judicial Code, 42 Pa.C.S. § 5571(a) ("[t]he time for filing an appeal . . . in . . . the Commonwealth Court shall be governed by general rules"). There are, however, limited circumstances in which an untimely appeal may be considered. *Bass v. Commonwealth*, 401 A.2d 1133, 1135 (Pa. 1979). *Nunc pro tunc* relief is a form of equitable relief that is available only "in certain extraordinary circumstances." *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001). Allowable exceptions include cases involving fraud, a breakdown in the court's process, or when there is a "non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal." *Bass*, 401 A.2d at 1135-36. An application to appeal *nunc pro tunc* must set forth "some legitimate basis" for the delay, that is, "sufficient facts upon which to conclude that the delay was justified and should be overlooked." *Robinson*, 582 A.2d at 860. "The burden to establish the right to have an untimely appeal considered is a heavy one because the statutory time limit established for appeals is mandatory." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

The trial court's February 6, 2023 order dismissing Licensee's statutory appeal as untimely was a final order. *Probst v. Department of Transportation, Bureau of Driver Licensing*, 849 A.2d 1135, 1141-42 (Pa. 2004) (final order is one that "ends the litigation" or "disposes of the entire case" or "effectively puts the litigant out of court"). Licensee was thus required to file his notice of appeal in this Court by March 7, 2023. He filed it on April 7, 2023, which was over 60 days from entry of the trial court's February 6, 2023 order. Licensee's appeal to this Court is patently untimely. As we have already explained in our July 18, 2023 *per curiam* Memorandum and Order:

> Even if we consider Licensee's February 17, 2023, motion to proceed *nunc pro tunc* as a request for reconsideration of the trial court's February 6, 2023, order, a motion for reconsideration does not toll the period in which to file an appeal of the underlying order. *In re Greist*, 636 A.2d 193 (Pa. Cmwlth. 1994) (mere filing of a motion for reconsideration will not toll the appeal period). Furthermore, if we consider the trial court's February 28, 2023 order (filed March 2, 2023), as an order denying reconsideration, a trial court's denial of reconsideration is not an appealable order. *Karschner v. Karschner*, 703 A.2d 61 (Pa. Super. 1997) (an appeal will not lie from the denial of a motion for reconsideration).

> Licensee also filed an amended motion to proceed *nunc pro tunc* on March 31, 2023. Again, if we consider the March 31, 2023 filing as an untimely motion for reconsideration of the February 6, 2023 order, the trial court lacked jurisdiction to issue the April 4, 2023 order from which the current appeal purports to be taken. 42 Pa. C.S. §5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

6

> Because the trial court's orders disposing of Licensee's motion and amended motion to proceed *nunc pro tunc* are not properly before the Court, we will consider Licensee's April 7, 2023 notice of appeal as taken from the trial court's February 6, 2023 order dismissing his license suspension appeal.

(Memorandum and Order, 7/18/23, at 4-5.)

Licensee argues that he should be allowed to appeal from the February 6, 2023 order *nunc pro tunc* because if, as we held in our July 18, 2023 *per curiam* Memorandum and Order, the trial court lacked jurisdiction to issue the April 4, 2023 order, then it did not have jurisdiction to enter the February 28, 2023 order refusing to entertain his appeal *nunc pro tunc* and instructing him to comply with the Pennsylvania Rules of Civil Procedure. He characterizes this as a breakdown in the trial court's procedures and that this led to his appeal to this Court being untimely. Licensee's argument is set forth verbatim:

> Appellant contends that if the trial court did not possess jurisdiction to issue that order, it did not possess jurisdiction to instruct Appellant to amend his filing leading to said order. This break down in the [c]ourt procedure caused by the trial [c]ourt [j]udge led to this appeal being untimely, and therefore necessitates *nunc pro tunc* relief in this matter.

(Licensee's Br. at 812-13.) These assertions do not establish a right to *nunc pro tunc* relief. First, we did not say that the trial court did not possess jurisdiction to issue the February 28, 2023 order. We said that the February 28, 2023 order, to the extent that it viewed Licensee's motion to appeal *nunc pro tunc* as a motion for reconsideration, did not toll the appeal period because it did not expressly grant reconsideration. Therefore, Licensee's basis for claiming a breakdown in the trial court's procedure is factually flawed. Second, Licensee does not explain, nor can we fathom, how a benign

7

order, **refusing to entertain** Licensee's February 17, 2023 appeal *nunc pro tunc* for failure to comply with the Pennsylvania Rules of Civil Procedure, caused any confusion with respect to Licensee's obligation to timely appeal the February 6, 2023 final order. There was nothing misleading or deceptive about the trial court's February 28, 2023 order. The trial court did not, in any way, expressly grant or implicitly grant Licensee's motion to appeal *nunc pro tunc*. It did not misinform Licensee in any way as to his duty to appeal the February 6, 2023 final order within 30 days of its entry. Thus, it did not restrain Licensee's ability to timely appeal from the February 6, 2023 order. Moreover, the April 4, 2023 order was issued **after** the appeal period expired on March 7, 2023. Therefore, the April 4, 2023 order could not have inhibited Licensee's ability to timely appeal from the February 6, 2023 order. Consequently, we find there was no fraud, non-negligent circumstances, or an administrative breakdown in the trial court's process of issuing its orders refusing to entertain Licensee's motion to appeal *nunc pro tunc* or his amended motion to appeal *nunc pro tunc* that caused a delay in filing the instant appeal. Thus, Licensee's argument does not support the granting of *nunc pro tunc* relief. As we have no jurisdiction, we must quash the appeal.[4] *See Szura*, 397 A.2d at 34.

In light of the foregoing, DOT's Motion for Remand is dismissed as moot. Furthermore, Licensee's filing, to the extent it seeks to invoke our appellate jurisdiction, is quashed.

_____
PATRICIA A. McCULLOUGH, Judge

---

[4] Because we find that Licensee did not satisfy his burden to justify *nunc pro tunc* relief, we must dismiss DOT's Motion to Remand for a hearing on Licensee's motion to appeal *nunc pro tunc*. *Schillaci*, cited by DOT, is distinguishable because the appellant's appeal to this Court was timely and we did not dismiss the appeal for lack of jurisdiction.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mena Dous,                          :
                    Appellant      :
                                    :
                                    :
        v.                          :   No. 415 C.D. 2023
                                    :
Commonwealth of Pennsylvania,       :
Department of Transportation,       :
Bureau of Driver Licensing          :

## *ORDER*

AND NOW, this 19th day of September, 2024, the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing's Motion for Remand is hereby DISMISSED. Furthermore, Mena Dous's filing, to the extent it seeks to invoke our appellate jurisdiction, is hereby QUASHED.

_____
PATRICIA A. McCULLOUGH, Judge